Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and doing business as "The Lead House," and STEPHANIE MILLER,<br>Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.:<br><br>JURY TRIAL OF 12 DEMANDED |

<u>NOTICE TO DEFEND</u>

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street Reading, Pennsylvania 19601
Telephone (610) 375-4591
www.berksbar.com

1

**Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757**

## NOTIFICACIÓN PARA DEFENDERSE

Le han demandado a usted en el tribunal. Si usted quiere defenderse de las demandas expuestas en las páginas siguientes, usted debe tomar acción en el plazo de veinte (20) días a partir de la fecha en que se le hizo entrega de la demanda y la notificación, al interponer una comparecencia escrita, en persona o por un abogado y registrando por escrito en el tribunal sus defensas o sus objeciones a las demandas en contra de su persona. Se le advierte que si usted no lo hace, el caso puede proceder sin usted y podría dictarse un fallo por el juez en contra suya sin notificación adicional y podría ser por cualquier dinero reclamado en la demanda o por cualquier otro reclamo o desagravio en la demanda solicitado por el demandante. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

USTED DEBE LLEVARLE ESTE DOCUMENTO A SU ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O NO PUEDE CORRER CON LOS GASTOS DE UNO, VAYA O LLAME POR TELEFONO A LA OFICINA EXPUESTA ABAJO. ESTA OFICINA PUEDE POVEERLE INFORMACION RESPECTO A COMO CONTRATAR A UN ABOGADO.

SI NO PUEDE CORRER CON LOS GASTOS PARA CONTRATAR A UN ABOGADO, ESTA OFICINA PUDIERA PROVEERLE INFORMACION RESPECTO A INSTITUCIONES QUE PUEDAN OFRECER SERVICIOS LEGALES A PERSONAS QUE CALIFICAN PARA LA REDUCCION DE HONORARIOS O QUE NO TENGAN QUE PAGAR HONORARIOS.

Lawyers' Referral Service of the
Berks County Bar Association
544 Court Street Reading, Pennsylvania 19601
Telephone (610) 375-4591
www.berksbar.com

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and doing business as "The Lead House," and STEPHANIE MILLER,<br>Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.:<br><br>JURY TRIAL OF 12 DEMANDED |

## COMPLAINT

NOW COMES, Plaintiff, Jason Scott Jordan, by and through counsel, who hereby submits this Complaint and states the following:

## PARTIES

1.  Plaintiff, Jason Scott Jordan, is an adult individual and resident of Florida.

2.  Defendant, Bene Market, LLC, is a Pennsylvania limited liability company with offices at 4 South 4th Street, Reading, PA 19605.

3.  Alan Christopher Redmond is an adult individual who resides at 2005 Regency Drive, Wyomissing, PA 19610.

4.  Stephanie Miller is an adult individual with a last known address of 485 Knorr Road, Gettysburg, PA 17325.

## GROUNDS FOR RELIEF

5.  An owner and manager of Bene Market, LLC is Alan Christopher Redmond.

1

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

6.    Redmond has dual-citizenship with the United States of America and the Republic of Ireland.

7.    National Brokers of America, Inc. ("NBOA"), Alan Christopher Redmond ("Redmond"), and Jason Scott Jordan ("Jordan") are parties to the action at Docket No. 2014-17117 in the Berks County Court of Common Pleas (the "Prior Action").

8.    In the Prior Action, on December 20, 2021, the Court entered a Decision and Verdict, awarding $13,105,197.20 in damages in favor of Jason Scott Jordan and against Alan Christopher Redmond. A true and correct copy of the foregoing Decision and Verdict is attached hereto as Exhibit A and incorporated by reference.

9.    The Court found that Jordan and Redmond were 50/50 owners of NBOA. [Ex. A ¶ 11].

10.   The Court found, "NBOA's gross sales in 2013 were approximately $365,000 and in 2014 they increased to over four million," and, "This new profitability of NBOA in 2014 was due to Jordan's contributions." [Ex. A ¶¶ 25-26].

11.   The Court found that, beginning on August 4, 2014, Redmond froze out Jordan from NBOA. [Ex. A ¶¶ 28-29].

12.   The Court found, "Following the Freeze Out, Redmond paid for his personal (and extravagant) expenses (including a strip club, Babies-R-Us, jewelers, and $118,907.27 at Neiman Marcus) directly from the NBOA financial account and the same are record on the NBOA General Ledger . . . and accurately summarized on Plaintiff's Exhibit 18 in the amount of $604,126.45 ('Redmond's Personal Expenses') and are in addition to funds taken by Redmond as reported on the NBOA tax returns." [Ex. A ¶ 51].

13.   The Court found that Redmond misappropriated $116,738.60 in cash payments from NBOA. [Ex. A ¶¶ 55-56].

2

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

14.    The Court found that Redmond misappropriated NBOA's book of business by transferring it to Bene Market, LLC at a discounted rate and without Jordan's consent. [Ex. A ¶ 60].

15.    The Court found at length:

> Redmond misappropriated the services of employees and assets (including NBOA's clients) of NBOA and transferred the same to an identical business, Bene Market, LLC. The latter was engaged in selling the same products, using the same office space and same furniture and equipment for Redmond's own personal benefit and to the detriment of Jordan without Jordan's consent. Based on the foregoing, Bene Market, LLC is found to be a mere continuation of NBOA for purposes of ownership interests and rights as between Redmond and Jordan.

[Ex. A ¶ 70].

16.    The Court found that Redmond misappropriated $270,945.05 in legal fees paid by NBOA for his personal defense in the Prior Action. [Ex. A ¶¶ 63-65].

17.    The Court found "the total known sum" of misappropriations from NBOA caused by Redmond was at least $3,698,627.10. [Ex. A ¶ 66].

18.    In the Prior Action, by Order filed March 31, 2022, the Court directed the Prothonotary to enter and index the verdict as a judgment for Jason Scott Jordan, which thereby made Jordan a judgment creditor as to Redmond.

19.    On August 19, 2019, during the pendency of the Prior Action, Redmond caused the formation of Bene Market, LLC.

20.    **Nine days later**, on August 28, 2019, Redmond was deposed in the Prior Action, a transcript of that deposition testimony is attached as Exhibit B and incorporated by reference.

21.    During his deposition testimony in the Prior Action, Redmond asserted that he created Bene Market, LLC in May of 2016:

Q.    When was Bene Market, LLC organized as a business?

A.    My goodness. May, 2016, I believe. April or May, 2016, David.

3

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

[Ex. B (Tr. 55:9-12)].

22.     Redmond admitted Bene Market, LLC was providing the same financial services as NBOA, namely, selling life, health, and accident insurance policies on behalf of insurance carriers. [Id. at 56:6-9, 58:10-16]. By selling insurance policies on behalf of carriers, Bene Market, LLC receives ongoing revenue from those carriers for so long as the policies are in place, called "earned revenue." [Id. at 63:23-25 to 64:1-2].

23.     Redmond testified that he owns 96% of the membership interests of Bene Market, LLC and that Stephanie Miller owns 4%. [Id. at 55:1-8].

24.     Redmond testified that Bene Market, LLC commenced business operations after he shut down NBOA. [Id. at 60:1-5].

25.     Redmond testified that Bene Market, LLC hired employees from NBOA. [Id. at 60:13-24].

26.     Consistent with his persistent pattern of deception and half-truths, Redmond equivocated how many former NBOA employees were hired by Bene Market, LLC, where he first said, "less than three" [Ex. B (Tr. 60:22-24)], but then admitted, "maybe five to eight, approximately." [Id. at 62:19-21].

27.     Stephanie Miller is the former Chief Financial Officer of NBOA and followed Redmond over to Bene Market, LLC. [Id. at 43:12-16, 52:21-22].

28.     Redmond refused to testify whether he caused NBOA to transfer its assets to Bene Market, LLC, feigning ignorance that he needed to ask his accountant. [Id. at 40:2-14]. Then Redmond equivocated by acknowledging NBOA transferred assets, feigning ignorance over the amount for which the assets sold and that he needed to ask Stephanie Miller. [Id. at 43:5-12]

29.     On information and belief, Redmond caused NBOA to transfer its assets, including its contracts with insurance carriers, to Bene Market, LLC for no valuable consideration and to

4

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

fraudulently avoid liability to Jordan.

30.    Redmond refused to testify on how much he was being paid a year from Bene Market, LLC, feigning ignorance that he needed to ask his accountant. [Id. at 95:20-22].

31.    In the Prior Action, the Court found that Redmond gave himself "Guaranteed payments" from Bene Market, LLC, as income misappropriated from an NBOA asset. [Ex. A ¶¶ 73-76].

32.    The Court found, "In summary, in addition to the $3,698,627.10 that he took directly from NBOA Redmond also took from Bene Market, LLC at least the following sums," that is, $733,963 in 2016, $2,842,276 in 2017, $1,294,182 in 2018, $3,125,623 in 2019, and $3,801,821 in 2020, which sum totals $11,797,865.00. [Ex. A ¶ 77].

33.    The Court also found that Bene Market, LLC was "an identical business" to NBOA and a "mere continuation of NBOA for the purposes of ownership interest and rights as between Redmond and Jordan." [Ex. A ¶ 70].

34.    Redmond follows a regular pattern of fraud and self-dealing, by overleveraging Bene Market, LLC so that it appears to have no profits while paying himself an inflated salary and recharacterizing his personal expenses as business expenses, in order to fraudulently avoid liability to Jordan.

35.    Upon information and belief, the inclusion of Stephanie Miller as 4% owner of Bene Market, LLC is an economic sham, where no distributions to owners have been made (and are not intended to be made) and to further a fraudulent purpose of trying to shield assets from liability to Jordan.

**COUNT I:    UNJUST ENRICHMENT**
*Plaintiff v. all Defendants*

36.    The forgoing paragraphs are incorporated by reference as though fully set forth herein.

37.    Jordan and Redmond were 50/50 owners of NBOA.

5

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

38. Redmond has transferred assets fraudulently from NBOA to Bene Market, LLC in order to shield those assets from liability to Jordan.

39. Miller is the former Chief Financial Officer of NBOA and followed Redmond over to Bene Market, LLC.

40. Redmond and Miller both have ownership interests in Bene Market, LLC.

41. Redmond has a 96% ownership interest and Miller has a 4% ownership interest in Bene Market, LLC.

42. Redmond also misappropriated funds from NBOA for his own personal benefit.

43. As a result of these transfers and misappropriations, all Defendants have received a benefit of assets as well as the resulting appreciation of those assets, which benefit and appreciation belong to Jordan and of which Jordan has been deprived.

44. Jordan is entitled to restitution for the value of the benefits conferred, in an amount equal to his proportionate share of the fair market value of Bene Market, LLC plus all related profits and appreciation.

45. Additionally, the assets transferred from NBOA to Bene Market, LLC must be preserved in order to prevent irreparable injury to the rights and interests of Jordan in the Prior Action.

46. There exists no other adequate remedy at law by which this irreparable injury to the rights and interests of Jordan can be prevented.

47. In the absence of the appointment of a receiver, even greater damage to the rights and interests of Jordan will result.

WHEREFORE, Plaintiff, Jason Scott Jordan, requests judgment in his favor, and against Defendants, Alan Christopher Redmond, Bene Market, LLC, and Stephanie Miller, for restitutionary damages in an amount equal to Plaintiff's proportionate share of the fair market

6

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

value of Bene Market, LLC, plus all related profits and appreciation, as well as the appointment of a temporary receiver to Bene Market, LLC, together with prejudgment and post-judgment interest, and such other relief as the Court deems reasonable, just, or necessary.

### COUNT II:    PIERCING THE CORPORATE VEIL
*Plaintiff v. Bene Market, LLC*

48. The forgoing paragraphs are incorporated by reference as though fully set forth herein.

49. Jordan and Redmond were 50/50 owners of NBOA.

50. Miller is the former Chief Financial Officer of NBOA and followed Redmond over to Bene Market, LLC.

51. Redmond and Miller both have ownership interests in Bene Market, LLC.

52. Redmond has a 96% ownership interest and Miller has a 4% ownership interest in Bene Market, LLC.

53. As Redmond owned half of NBOA and now owns almost all of Bene Market, LLC, there exists here a substantially common ownership between the two entities.

54. Redmond has transferred assets fraudulently from NBOA to Bene Market, LLC in order to shield those assets from liability to Jordan.

55. As it pertains to both NBOA and Bene Market, LLC, there exists here such unity of interest and ownership that the separate personalities of the corporations and the individual no longer exist.

56. Upon information and belief, Bene Market, LLC is a façade for Redmond's personal dealings.

57. Upon information and belief, Bene Market, LLC disregards all corporate formalities and operates its business without regard for the LLC as an entity.

58. The specific and unusual circumstances here call for an exception to the general rule that the corporate entity should be recognized and upheld.

7

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

59.     Justice demands that the corporate form be disregarded where that form has been used to protect fraud.

60.     Additionally, the assets transferred from NBOA to Bene Market, LLC must be preserved in order to prevent irreparable injury to the rights and interests of Jordan in the Prior Action.

61.     There exists no other adequate remedy at law by which this irreparable injury to the rights and interests of Jordan can be prevented.

62.     In the absence of the appointment of a receiver, even greater damage to the rights and interests of Jordan will result.

WHEREFORE, Plaintiff, Jason Scott Jordan, requests judgment in his favor, and against Defendant, Bene Market, LLC, ordering the piercing of its corporate veil and holding the individual owners severally and personally liable on all counts to this action, as well as the appointment of a temporary receiver to Bene Market, LLC, together with prejudgment and post-judgment interest, and such other relief as the Court deems reasonable, just, or necessary.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: <u>July 26, 2022</u>          By:     /s/ Joel A. Ready, Esquire
_____
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

8

Received County of Berks Prothonotary's Office on 07/28/2022 12:07 PM Prothonotary Docket No. 22-11757

## VERIFICATION

I am Jason Scott Jordan, the Plaintiff in the within instrument.  I hereby verify that facts set forth herein are true and correct to the best of my knowledge, information and belief and that this verification is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Dated:  07/27/2022

_____
Jason Scott Jordan

9