Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

**FOX ROTHSCHILD LLP**                                          Attorneys for Defendants
**BY:**   Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
Identification Nos. 204692 & 328939
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and d/b/a "The Lead House," and STEPHANIE MILLER,<br><br>Defendants. | CIVIL ACTION No. 22-11757 |

## **NOTICE TO PLEAD**

To Jason Scott Jordan:

Per Local Rule 1028(c)(A)(3), the within Preliminary Objections were filed on the below date. You are hereby notified to submit a written reply within thirty (30) days.

_Eric E. Reed_

Date:  August 29, 2022

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

**FOX ROTHSCHILD LLP**                                          Attorneys for Defendants
**BY:**   Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
Identification Nos. 204692 & 328939
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>               Plaintiff,<br><br>     v.<br><br>BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and d/b/a "The Lead House," and STEPHANIE MILLER,<br><br>               Defendants. | CIVIL ACTION No. 22-11757 |

**PRELIMINARY OBJECTIONS OF DEFENDANTS TO PLAINTIFF'S COMPLAINT**

Pursuant to Rule 1028 of the Pennsylvania Rules of Civil Procedure, Defendants Bene Market, LLC, Alan Christopher Redmond (d/b/a "The Lead House), and Stephanie Miller (collectively, "Defendants"), by and through their undersigned counsel, state the following Preliminary Objections to the Complaint of Plaintiff, Jason Scott Jordan:

**FACTUAL AND PROCEDURAL SUMMARY**

1. On July 28, 2022, Plaintiff initiated this action against Bene Market, LLC, Alan Christopher Redmond (described in the Complaint as d/b/a "The Lead House"), and Stephanie Miller.

2. The Complaint includes two Counts. Count I purports to assert a claim for unjust enrichment against all Defendants. Count II is stated against Defendant Bene Market, LLC, but in the requested relief seeks to pierce its corporate veil and hold its alleged owners (Defendants

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

Redmond and Miller), in their individual capacities, severally and personally liable "on all counts to this action."

3.     The Complaint refers to a prior lawsuit.  Indeed, Plaintiff's claims in this case relate to a business dispute between Plaintiff and Defendant Redmond filed in the Berks County Court of Common Pleas (Docket No. 2014-17117) regarding the operation, management, and ownership of the now-defunct National Brokers of America, Inc. ("NBOA").

4.     NBOA was a licensed broker of health and disability coverage and benefit products. Redmond is the founder of NBOA and its original sole shareholder.

5.     As asserted in the prior action, NBOA offered Plaintiff employment in the summer of 2013, and in November 2013 allowed him to become a shareholder in NBOA.  These actions were based on Plaintiff's representations that he was licensed to sell insurance in Pennsylvania and elsewhere, and that he had sufficient education and experience to do so, that he had no criminal record, and that he had the professional capability to serve as sales manager for NBOA.

6.     As asserted in the prior action, those representations were false, as Plaintiff was actually unlicensed, had a significant criminal record, and was thus ineligible for licensure under 31 Pa. Code § 37.46.

7.     On October 28, 2014, Defendant Redmond, derivatively on behalf of NBOA, initiated the prior action by summons and a request for emergency injunction to bar Jordan from the business premises.  As described in the subsequent complaint in the prior action, the injunction followed a course of harassing and abusive behavior by Jordan towards NBOA employees prior to his termination, and additional troubling conduct thereafter that led to his termination.  This also prompted the hiring of a security guard, and the Court issued an injunction precluding Jordan from the business premises.  That injunction was never rescinded.

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

8.      Jordan counterclaimed in the prior action, asserting claims for breach of contract (with respect to wage payment, the shareholder's agreement, and the bylaws), breach of fiduciary duty to shareholder, and the appointment of an appraiser to value NBOA shares.  The counterclaim alleged that the termination of Jordan's employment was a lockout.  The lawsuit stretched for several years, including an amendment to add a conversion claim (which Redmond maintains was time-barred).

9.      The prior action stretched out for years, spanning a bankruptcy filing by NBOA, an appeal by Jordan, multiple discovery disputes between the parties, and the COVID-19 pandemic.

10.      In June 2021 the trial court directed Redmond to appear in person for a third deposition within 30 days at a date, time, and location to be determined by Plaintiff's counsel. Redmond had appeared for two prior depositions. Consistent with the prevailing practice during the COVID-19 pandemic, Redmond requested that the third deposition be conducted remotely by video or otherwise because of the documented risk to his then-fiancé and unborn child posed by COVID-19, and that his own counsel had already contracted the virus.

11.      Because Redmond did not appear in person at the time and place chosen by Jordan for Redmond's third deposition, the trial court entered an order precluding Redmond from testifying at trial, and from calling any witness to testify to any matter that was within the reasonably expected personal knowledge of Redmond.

12.      In addition, the order permitted Plaintiff to introduce into evidence at trial Defendant Redmond's deposition testimony without calling Defendant Redmond to testify, regardless of hearsay prohibitions, and imposed a monetary sanction in the amount of $10,484.50.

13.      The order operated as essentially a dispositive sanction against Defendant Redmond.

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

14.     On December 20, 2021, the trial court entered a Decision and Verdict, awarding $13,105,197.20 in damages, including $5 million in punitive damages, against Defendant Redmond and NBOA.

15.     Defendant Redmond timely appealed to the Pennsylvania Superior Court, where the matter is pending under docket number 642 MDA 2022.  The appeal is pending in the briefing stage.

16.     In the meantime, Plaintiff now alleges that, during the pendency of that action, Defendant Redmond formed Bene Market, LLC and transferred NBOA's assets to Bene Market, LLC.

17.     Plaintiff now seeks restitution damages in an amount equal to Plaintiff's proportionate share of the fair market value of Defendant Bene Market, LLC, all related profits and appreciation, as well as the appointment a receiver for Defendant Bene Market, LLC.

### PRELIMINARY OBJECTIONS

**I.     FIRST PRELIMINARY OBJECTION IN THE NATURE OF A DEMURRER UNDER PA.R.C.P. 1028(A)(4)**

18.     The Defendants incorporate by reference the statements contained in the preceding paragraphs as though fully set forth herein.

19.     Pennsylvania Rule of Civil Procedure 1028(a)(4) permits a party to assert a preliminary objection based upon legal insufficiency as a demurrer.  See Pa.R.C.P. 1028(a)(4).

20.     Under Pennsylvania law, the standard for granting a demurrer is well-settled.  The issue presented by a demurrer is whether a recovery is possible as a matter of law.  See Foflygen v. R. Zemel, M.D. (PC), 615 A.2d 1345, 1352 (Pa. Super. Ct. 1992), appeal denied, 629 A.2d 1380 (Pa. 1993) (quoting Valley Forge Towers v. Ron-Ike F. Ins., 574 A.2d 641, 644 (Pa. Super. Ct. 1990), aff'd per curiam, 605 A.2d 798 (Pa. 1992)).

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

21. In determining whether averments are legally sufficient to withstand a demurrer, all well-pleaded, material, relevant facts are deemed to be true. Cty. of Allegheny v. Commonwealth, 490 A.2d 402, 408 (Pa. 1985) (citing Savitz v. Weinstein, 149 A.2d 110 (Pa. 1959)).

22. However, "[t]he pleader's conclusions of averments of law are **not** considered to be admitted as true by a demurrer." Id. (emphasis added).

23. Further, "[i]n determining whether to sustain a demurrer, the court need not accept as true . . . unwarranted inferences from facts, argumentative allegations, or expressions of opinion." Penn Title Ins. Co. v. Deshler, 661 A.2d 481, 483 (Pa. Commw. Ct. 1995), appeal denied, 670 A.2d 145 (Pa. 1990) (citing Commonwealth, Dep't of Public Welfare v. Portnoy, 566 A.2d 336 (Pa. Commw. Ct. 1989), aff'd, 531 Pa. 320, 612 A.2d 1349 (Pa. 1992)); see also Bendas v. Upper Saucon Twp., 561 A.2d 1290 (Pa. Commw. Ct. 1989) (applying same standard and granting a demurrer).

24. Plaintiff improperly asserts claims for unjust enrichment and piercing the corporate veil. Similarly, the Plaintiff fails to establish any basis for imposing joint and several liability and cannot demonstrate that the appointment of a receiver is warranted by the alleged facts. Because the claims and remedies sought are legally insufficient, Defendants assert the following Preliminary Objection under to Pennsylvania Rule of Civil Procedure 1028(a)(4).

   A.   **Plaintiff Fails to State a Claim for Unjust Enrichment Against Defendant Miller**

25. Plaintiff asserts a claim for unjust enrichment against all Defendants in Count I of the Complaint.

26. In order to establish an unjust enrichment claim in Pennsylvania, a movant must allege and prove: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendants; and (3) acceptance and retention of such benefits under such circumstances that it

would be inequitable for defendant to retain the benefit without payment of value.  Mitchell v. Moore, 729 A.2d 1200, 1203-04 (Pa. Super. 1999).

27.     Here, Plaintiff fails to plead the elements of an unjust enrichment claim as against Defendant Miller because he has not conferred any benefit on her.

28.     Plaintiff alleges, "the inclusion of Stephanie Miller as a 4% owner of Bene Market, LLC is an economic sham, *where no distributions to owners have been made (and are not intended to be made)*." (emphasis added).

29.     By Plaintiff's own admission, no benefit has been conferred upon Defendant Miller in connection with her alleged ownership interest in Bene Market LLC because she has not received any distributions.  In fact, since her ownership is allegedly only a "sham," Plaintiff suggests that she never will receive any.

30.     Plaintiff has also not pleaded any facts demonstrating that Defendant Miller has acted unjustly. Instead, the Complaint is entirely devoid of allegations concerning Defendant Miller's supposed conduct giving rise to an unjust enrichment claim.

31.     Accordingly, Plaintiff's claim of unjust enrichment as to Defendant Miller fails as a matter of law.

**B.     Plaintiff Fails to State a Claim for Piercing the Corporate Veil**

32.     Plaintiff seeks to pierce the corporate veil of Bene Market LLC through an "alter ego" theory.

33.     There is a strong presumption in Pennsylvania law against piercing the corporate veil. Advanced Telephone Systems, Inc. v. Com-Net Professional Mobile Radio, LLC, 846 A.2d 1264, 1277 (Pa. Super. 2004)(citing College Watercolor Group, Inc. v. William H. Newbauer, Inc., 360 A.2d 200, 207 (Pa. 1976)).  "[T]he corporate form will be disregarded only when the entity is

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

6

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

used to defeat public convenience, justify wrong, protect fraud or defend crime." Advanced Telephone, 846 A.2d at 1278 (citations omitted).

34.     To pierce the corporate veil under an alter ego theory, a plaintiff must allege and prove that the individuals disregarded corporate formalities, failed to adhere to corporate formalities, substantially intermingled corporate and personal affairs, used the corporate form to perpetuate a fraud, or that the entity defendants were undercapitalized. Advanced Telephone, 846 A.2d at 1278 (citations omitted).

35.     Put another way, the plaintiff must demonstrate that the individual or corporate owner in control of the corporation had domination and control over the entity to the point that the entity serves as a sham for the individual or corporate owner. Saint Joseph Hosp. v. Berks County Board of Assessment Appeals, 709 A.2d 928, 936-37 (Pa. Commw. Ct. 1998).

36.     Plaintiff's Complaint contains no such allegations. Instead, Plaintiff alleges in a conclusionary fashion, "there exists here such unity of interest and ownership that the separate personalities of the corporations and the individual no longer exist."

37.     Likewise, Plaintiff states, "Bene Market, LLC is a façade for Redmond's personal dealings" and "disregards all corporate formalities."

38.     This conclusory pleading lacks a factual basis and is insufficient to plead alter ego liability under Pennsylvania law.  Accordingly, the claim should be dismissed on this basis.

**C.     Plaintiff's Complaint States No Basis for the Appointment of a Receiver**

39.     In Counts I & II of the Complaint, Plaintiff asks the Court to appoint a receiver for Defendant Bene Market, LLC.

40.     In Pennsylvania, a receivership of a solvent corporation is a drastic remedy and should be granted only when (1) the right to a receivership is free from doubt, and (2) a receivership is clearly required by the facts and circumstances and equities of the particular case.

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

More particularly: a receiver should be appointed (a) only when the right to a receivership is clear, (b) irreparable damage will in all probability result unless a receiver is appointed, (c) a receivership will not substantially injure or interfere with the rights of creditors and stockholders, and (d) greater damage will result if a receiver is not appointed than if one is appointed. Tate v. Philadelphia Transp. Co., 410 Pa. 490, 500 (1963).

41. Plaintiff fails to plead the necessary elements of a claim for the appointment of a receiver, much less facts supporting those elements. In fact, Plaintiff's Complaint is devoid of any factual allegations which would support such appointment.

42. Instead of pleading a factual basis for the claim asserted and relief requested, Plaintiff merely states entitlement to a receiver in a conclusory fashion.

43. As a result, the Court should dismiss Plaintiff's request pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4).

**D.** **Plaintiff's Complaint States No Basis for Joint and Several Liability**

44. Plaintiff seeks to impose joint and several liability against both the corporate and individual Defendants. Plaintiff asserts no basis for this relief.

45. Joint and several liability is a principle of recovery for an indivisible injury caused by multiple tortfeasors. See Carrozza v. Greenbaum, 916 A.2d 553, 565 (Pa. 2007).

46. Here, there is no allegation of indivisible injury attributable to multiple tortfeasors. As noted above, the pleading does not even allege actionable conduct by Miller.

47. In addition, the Fair Share Act, 42 Pa. C.S.A. § 7012, which provides for allocation amongst multiple defendants, suggests that joint and several liability would be inappropriate in this case.

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

48.     Plaintiff asserts no apparent tort or statutory claims providing for joint and several liability, neither references nor attaches any contract providing for joint and several liability, and alleges no facts whereby joint and several liability could potentially apply in this case.

49.     As such, Plaintiff fails to plead a basis for joint and several liability.

WHEREFORE, Defendants respectfully request that this Court enter its proposed form of Order and sustain its preliminary objections.

## II.   SECOND PRELIMINARY OBJECTION INSUFFICIENT FACT PLEADING AND SPECIFICITY UNDER PA.R.C.P. 1028(A)(3)

50.     Under Pennsylvania Rule of Civil Procedure 1028(a)(3), a party may file preliminary objections on the grounds of "insufficient specificity in a pleading."  Pa.R.C.P. 1028(a)(3).

51.     Additionally, preliminary objections may properly be based upon the "failure of a pleading to conform to law or rule of court . . . ."  Pa.R.C.P. 1028(a)(2).

52.     One such rule to which a pleading must conform is Pa.R.C.P. 1019(a), which requires Plaintiffs to plead all material facts upon which they base a cause of action in a concise and summary form.  Pa.R.C.P. 1019(a).

53.     In addition to Pa.R.C.P. 1028(a)(4), Pennsylvania Rules of Civil Procedure 1019(a), 1028(a)(2), and 1028(a)(3) require dismissal for the Complaint's failure to comply with Pennsylvania's fact pleading requirements and state the factual basis for Plaintiffs' claims against each individual defendant.  See Sevin v. Kelshaw, 611 A.2d 1232, 1235 (Pa. Super. Ct. 1992) (Pennsylvania is a fact pleading jurisdiction and thus the complaint must summarize those facts essential to support a claim).

54.     Fact pleading requires the pleader to disclose the "material facts" sufficient to enable the adverse party to prepare its case.  Landau v. W. Pa. Nat'l Bank, 282 A.2d 335, 339 (Pa. 1971).

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

55.     A specific complaint is required so that a defendant's right and ability to answer is not impaired by a plaintiff's vagueness in stating the grounds of the lawsuit.  Local No. 163 v. Watkins, 207 A.2d 776, 778 (Pa. 1965).

56.     "The pertinent question under Rule 1028(a)(3) is 'whether the complaint is sufficiently clear to enable the defendant to prepare his defense,' or 'whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.'" Rambo v. Greene, 906 A.2d 1232, 1236 (Pa. Super. Ct. 2006) (citation omitted).

57.     Group pleading, or the lumping together of all defendants or groups of defendants for purposes of bulk allegations, does not satisfy the fact pleading requirements of Pa.R.C.P. 1019(a) because group allegations do not specify what act(s) each defendant allegedly committed. See Rogers v. Thomas, No. 12 CV 1464, 2013 WL 1930424, at *10 (Pa. Ct. Com. Pl. May 10, 2013) ("The recurring use of the ubiquitous term 'Defendants' or phrase 'all Defendants,' coupled with the grammatical inconsistencies present throughout the complaint, make it virtually impossible to decipher the underlying factual assertions and to determine what averments apply to which defendants."); Davitt v. Easton Warren Urology, No. C-48-CV-2009-1413, 2009 WL 6969705, at *5 (Pa. Com. Ct. Pl. July 1, 2009) ("While a complaint must be viewed as a whole, a defendant should not be left to hunt and peck through a complaint in order to decipher what paragraphs could possibly be directed at him . . . .").

58.     Plaintiff's Complaint lacks factual allegations against Defendant Miller, leaving her to speculate as to the allegations against her and impairing her ability to substantively respond.

59.     Plaintiff does not assert any facts regarding Defendant Miller's conduct or her involvement in the alleged misappropriation of NBOA assets.

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

60. Instead, Plaintiff relies on a single allegation, "on information and belief," that the inclusion of Defendant Miller in Bene Market, LLC is "to further a fraudulent purpose of trying to shield assets from liability to Jordan."

61. Accordingly, Pa.R.C.P. 1028(a)(3) provides an additional basis to dismiss all claims against Defendant Miller.

WHEREFORE, Defendants respectfully requests that this Court enter its proposed form of Order and sustain its preliminary objections.

Respectfully submitted,

**FOX ROTHSCHILD, LLP**

_____
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)
*Attorney for Defendants*

Dated:  August 29, 2022

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

           Plaintiff,

    v.

BENE MARKET, LLC, ALAN CHRISTOPHER
REDMOND, individually and d/b/a "The Lead
House," and STEPHANIE MILLER,

           Defendants.

CIVIL ACTION No. 22-11757

## CERTIFICATE OF SERVICE

I, Eric E. Reed, hereby certify that on August 29, 2022, a true and correct copy of the

foregoing Preliminary Objections and Memorandum of Law was filed with the court using the

electronic filing system, which will provide notice and a copy to the following:

Joel A. Ready, Esquire
CORNERSTONE LAW FIRM, LLC
8500 Allentown Pike, Suite 3
Blandon, PA  19510
*Counsel for Plaintiff*

**FOX ROTHSCHILD, LLP**

Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

*Attorneys for Defendant*

Dated:  August 29, 2022

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

**FOX ROTHSCHILD LLP**                                                    Attorneys for Defendants
**BY:**    Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
Identification Nos. 204692 & 328939
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN, <br><br>                      Plaintiff, <br><br>     v. <br><br> BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and d/b/a "The Lead House," and STEPHANIE MILLER, <br><br>                  Defendants. | CIVIL ACTION No. 22-11757 |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS
PRELIMINARY OBJECTIONS TO PLAINTIFF'S COMPLAINT**

**I.    Introduction**

Plaintiff, Jason Scott Jordan ("Plaintiff") commenced this action over funds allegedly transferred from National Brokers of America, Inc. ("NBOA,") to Defendant Bene Market, LLC by Defendant Alan Redmond. Defendants' preliminary objections should be sustained because Plaintiff fails to allege a factual basis for the asserted claims and fails to plead a basis for its request for the appointment of a receiver and the imposition of joint and several liability.

**II.    Statement of Issues Involved**

**A.**    Should this Court dismiss Count I of Plaintiff's Complaint against Defendant Miller as legally insufficient because it fails to state claims for unjust enrichment?

**Suggested Answer:   Yes.**

**B.**       Should this Court dismiss Count II of Plaintiff's Complaint against all Defendants as legally insufficient because it fails to state claims for piercing the corporate veil?

**Suggested Answer:   Yes.**

**C.**       Should this Court deny Plaintiff's request for the appointment of a receiver as legally insufficient because it fails to state a basis for such relief?

**Suggested Answer:   Yes.**

**D.**       Should this Court deny Plaintiff's request to impose joint and several liability as legally insufficient because it fails to state a basis for such relief?

**Suggested Answer:   Yes.**

### III.   Factual and Procedural History

On July 28, 2022, Plaintiff initiated this action against Bene Market, LLC, Alan Christopher Redmond (described in the Complaint as d/b/a "The Lead House"), and Stephanie Miller. The Complaint includes two Counts.  Count I purports to assert a claim for unjust enrichment against all Defendants.  Count II is stated against Defendant Bene Market, LLC, but in the requested relief seeks to pierce its corporate veil and hold its alleged owners (Defendants Redmond and Miller), in their individual capacities, severally and personally liable "on all counts to this action."

The Complaint refers to a prior lawsuit.  Indeed, Plaintiff's claims in this case relate to a business dispute between Plaintiff and Defendant Redmond filed in the Berks County Court of Common Pleas (Docket No. 2014-17117) regarding the operation, management, and ownership of the now-defunct National Brokers of America, Inc. ("NBOA"). NBOA was a licensed broker of health and disability coverage and benefit products.  Redmond is the founder of NBOA and its original sole shareholder.

2

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

As asserted in the prior action, NBOA offered Plaintiff employment in the summer of 2013, and in November 2013 allowed him to become a shareholder in NBOA.  These actions were based on Plaintiff's representations that he was licensed to sell insurance in Pennsylvania and elsewhere, and that he had sufficient education and experience to do so, that he had no criminal record, and that he had the professional capability to serve as sales manager for NBOA.  As asserted in the prior action, those representations were false, as Plaintiff was actually unlicensed, had a significant criminal record, and was thus ineligible for licensure under 31 Pa. Code § 37.46.

On October 28, 2014, Defendant Redmond, derivatively on behalf of NBOA, initiated the prior action by summons and a request for emergency injunction to bar Jordan from the business premises.  As described in the subsequent complaint in the prior action, the injunction followed a course of harassing and abusive behavior by Jordan towards NBOA employees prior to his termination, and additional troubling conduct thereafter that led to his termination.  This also prompted the hiring of a security guard, and the Court issued an injunction precluding Jordan from the business premises.  That injunction was never rescinded.

Jordan counterclaimed in the prior action, asserting claims for breach of contract (with respect to wage payment, the shareholder's agreement, and the bylaws), breach of fiduciary duty to shareholder, and the appointment of an appraiser to value NBOA shares.  The counterclaim alleged that the termination of Jordan's employment was a lockout.  The lawsuit stretched for several years, including an amendment to add a conversion claim (which Redmond maintains was time-barred).  The prior action stretched out for years, spanning a bankruptcy filing by NBOA, an appeal by Jordan, multiple discovery disputes between the parties, and the COVID-19 pandemic.

In June 2021 the trial court directed Redmond to appear in person for a third deposition within 30 days at a date, time, and location to be determined by Plaintiff's counsel.  Redmond had appeared for two prior depositions. Consistent with the prevailing practice during the COVID-19

3

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

pandemic, Redmond requested that the third deposition be conducted remotely by video or otherwise because of the documented risk to his then-fiancé and unborn child posed by COVID-19, and that his own counsel had already contracted the virus.

Because Redmond did not appear in person at the time and place chosen by Jordan for Redmond's third deposition, the trial court entered an order precluding Redmond from testifying at trial, and from calling any witness to testify to any matter that was within the reasonably expected personal knowledge of Redmond. In addition, the order permitted Plaintiff to introduce into evidence at trial Defendant Redmond's deposition testimony without calling Defendant Redmond to testify, regardless of hearsay prohibitions, and imposed a monetary sanction in the amount of $10,484.50. The order operated as essentially a dispositive sanction against Defendant Redmond.

On December 20, 2021, the trial court entered a Decision and Verdict, awarding $13,105,197.20 in damages, including $5 million in punitive damages, against Defendant Redmond and NBOA. Defendant Redmond timely appealed to the Pennsylvania Superior Court, where the matter is pending under docket number 642 MDA 2022. The appeal is pending in the briefing stage. In the meantime, Plaintiff now alleges that, during the pendency of that action, Defendant Redmond formed Bene Market, LLC and transferred NBOA's assets to Bene Market, LLC. Plaintiff now seeks restitution damages in an amount equal to Plaintiff's proportionate share of the fair market value of Defendant Bene Market, LLC, all related profits and appreciation, as well as the appointment a receiver for Defendant Bene Market, LLC.

## IV.     First Preliminary Objection – Pa.R.C.P. 1028(a)(4) – Legal Insufficiency (Demurrer)

### A.     Applicable Standard

Pennsylvania Rule of Civil Procedure 1028(a)(4) permits a party to assert a preliminary objection based upon legal insufficiency as a demurrer. See Pa.R.C.P. 1028(a)(4). Under

4

Pennsylvania law, the standard for granting a demurrer is well-settled.  The issue presented by a demurrer is whether a recovery is possible as a matter of law.  See Foflygen v. R. Zemel, M.D. (PC), 615 A.2d 1345, 1352 (Pa. Super. Ct. 1992), appeal denied, 629 A.2d 1380 (Pa. 1993) (quoting Valley Forge Towers v. Ron-Ike F. Ins., 574 A.2d 641, 644 (Pa. Super. Ct. 1990), aff'd per curiam, 605 A.2d 798 (Pa. 1992)).

In determining whether averments are legally sufficient to withstand a demurrer, all well-pleaded, material, relevant facts are deemed to be true.  Cty. of Allegheny v. Commonwealth, 490 A.2d 402, 408 (Pa. 1985) (citing Savitz v. Weinstein, 149 A.2d 110 (Pa. 1959)).  However, "[t]he pleader's conclusions of averments of law are **not** considered to be admitted as true by a demurrer." Id. (emphasis added).  Further, "[i]n determining whether to sustain a demurrer, the court need not accept as true . . . unwarranted inferences from facts, argumentative allegations, or expressions of opinion."  Penn Title Ins. Co. v. Deshler, 661 A.2d 481, 483 (Pa. Commw. Ct. 1995), appeal denied, 670 A.2d 145 (Pa. 1990) (citing Commonwealth, Dep't of Public Welfare v. Portnoy, 566 A.2d 336 (Pa. Commw. Ct. 1989), aff'd, 531 Pa. 320, 612 A.2d 1349 (Pa. 1992)); see also Bendas v. Upper Saucon Twp., 561 A.2d 1290 (Pa. Commw. Ct. 1989) (applying same standard and granting a demurrer).

Plaintiff improperly asserts claims for unjust enrichment and piercing the corporate veil. Similarly, the Plaintiff fails to establish any basis for imposing joint and several liability and cannot demonstrate that the appointment of a receiver is warranted by the alleged facts.  Because the claims and remedies sought are legally insufficient, Defendants assert the following Preliminary Objection under to Pennsylvania Rule of Civil Procedure 1028(a)(4).

**B.     Plaintiff Fails to State a Claim for Unjust Enrichment**

Plaintiff asserts a claim for unjust enrichment against all Defendants in Count I of the Complaint. In order to establish an unjust enrichment claim in Pennsylvania, a movant must allege

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

and prove: (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendants; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. Mitchell v. Moore, 729 A.2d 1200, 1203-04 (Pa. Super. 1999).

Here, Plaintiff fails to plead the elements of an unjust enrichment claim as against Defendant Miller because he has not conferred any benefit on her. Plaintiff alleges, "the inclusion of Stephanie Miller as a 4% owner of Bene Market, LLC is an economic sham, *where no distributions to owners have been made (and are not intended to be made)*." (emphasis added). By Plaintiff's own admission, no benefit has been conferred upon Defendant Miller in connection with her alleged ownership interest in Bene Market LLC because she has not received any distributions. In fact, since her ownership is allegedly only a "sham," Plaintiff suggests that she never will receive any. Plaintiff has also not pleaded any facts demonstrating that Defendant Miller has acted unjustly. Instead, the Complaint is entirely devoid of allegations concerning Defendant Miller's supposed conduct giving rise to an unjust enrichment claim. Accordingly, Plaintiff's claim of unjust enrichment as to Defendant Miller fails as a matter of law.

### C.    Plaintiff Fails to State a Claim for Piercing the Corporate Veil

Plaintiff seeks to pierce the corporate veil of Bene Market LLC through an "alter ego" theory. There is a strong presumption in Pennsylvania law against piercing the corporate veil. Advanced Telephone Systems, Inc. v. Com-Net Professional Mobile Radio, LLC, 846 A.2d 1264, 1277 (Pa. Super. 2004)(citing College Watercolor Group, Inc. v. William H. Newbauer, Inc., 360 A.2d 200, 207 (Pa. 1976)). "[T]he corporate form will be disregarded only when the entity is used

**Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757**

to defeat public convenience, justify wrong, protect fraud or defend crime." Advanced Telephone, 846 A.2d at 1278 (citations omitted).

To pierce the corporate veil under an alter ego theory, a plaintiff must allege and prove that the individuals disregarded corporate formalities, failed to adhere to corporate formalities, substantially intermingled corporate and personal affairs, used the corporate form to perpetuate a fraud, or that the entity defendants were undercapitalized. Advanced Telephone, 846 A.2d at 1278 (citations omitted). Put another way, the plaintiff must demonstrate that the individual or corporate owner in control of the corporation had domination and control over the entity to the point that the entity serves as a sham for the individual or corporate owner. Saint Joseph Hosp. v. Berks County Board of Assessment Appeals, 709 A.2d 928, 936-37 (Pa. Commw. Ct. 1998).

Plaintiff's Complaint contains no such allegations. Instead, Plaintiff alleges in a conclusionary fashion, "there exists here such unity of interest and ownership that the separate personalities of the corporations and the individual no longer exist." Likewise, Plaintiff states, "Bene Market, LLC is a façade for Redmond's personal dealings" and "disregards all corporate formalities." This conclusory pleading lacks a factual basis and is insufficient to plead alter ego liability under Pennsylvania law. Accordingly, the claim should be dismissed on this basis.

**D.      Plaintiff States No Basis for the Appointment of a Receiver**

In Counts I & II of the Complaint, Plaintiff asks the Court to appoint a receiver for Defendant Bene Market, LLC. In Pennsylvania, a receivership of a solvent corporation is a drastic remedy and should be granted only when (1) the right to a receivership is free from doubt, and (2) a receivership is clearly required by the facts and circumstances and equities of the particular case. More particularly: a receiver should be appointed (a) only when the right to a receivership is clear, (b) irreparable damage will in all probability result unless a receiver is appointed, (c) a receivership will not substantially injure or interfere with the rights of creditors and stockholders,

and (d) greater damage will result if a receiver is not appointed than if one is appointed. Tate v. Philadelphia Transp. Co., 410 Pa. 490, 500 (1963). Plaintiff fails to plead the necessary elements of a claim for the appointment of a receiver, much less facts supporting those elements. In fact, Plaintiff's Complaint is devoid of any factual allegations which would support such appointment. Instead of pleading a factual basis for the claim asserted and relief requested, Plaintiff merely states entitlement to a receiver in a conclusory fashion. As a result, the Court should dismiss Plaintiff's request pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4).

**E.      Plaintiff States No Basis for Joint and Several Liability**

Plaintiff seeks to impose joint and several liability against both the corporate and individual Defendants.  Plaintiff asserts no basis for this relief. Joint and several liability is a principle of recovery for an indivisible injury caused by multiple tortfeasors.  See Carrozza v. Greenbaum, 916 A.2d 553, 565 (Pa. 2007).

Here, there is no allegation of indivisible injury attributable to multiple tortfeasors.  As noted above, the pleading does not even allege actionable conduct by Miller. In addition, the Fair Share Act, 42 Pa. C.S.A. § 7012, which provides for allocation amongst multiple defendants, suggests that joint and several liability would be inappropriate in this case. Plaintiff asserts no apparent tort or statutory claims providing for joint and several liability, neither references nor attaches any contract providing for joint and several liability and alleges no facts whereby joint and several liability could potentially apply in this case. As such, Plaintiff fails to plead a basis for joint and several liability.

**V.      Second Preliminary Objection – Pa.R.C.P. 1028(a)(3) – Insufficient Fact Pleading and Specificity**

**A.      Applicable Standard**

Under Pennsylvania Rule of Civil Procedure 1028(a)(3), a party may file preliminary objections on the grounds of "insufficient specificity in a pleading."  Pa.R.C.P. 1028(a)(3).

8

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

**Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757**

Additionally, preliminary objections may properly be based upon the "failure of a pleading to conform to law or rule of court . . . ." Pa.R.C.P. 1028(a)(2). One such rule to which a pleading must conform is Pa.R.C.P. 1019(a), which requires Plaintiffs to plead all material facts upon which they base a cause of action in a concise and summary form. Pa.R.C.P. 1019(a).

In addition to Pa.R.C.P. 1028(a)(4), Pennsylvania Rules of Civil Procedure 1019(a), 1028(a)(2), and 1028(a)(3) require dismissal for the Complaint's failure to comply with Pennsylvania's fact pleading requirements and state the factual basis for Plaintiffs' claims against each individual defendant. See Sevin v. Kelshaw, 611 A.2d 1232, 1235 (Pa. Super. Ct. 1992) (Pennsylvania is a fact pleading jurisdiction and thus the complaint must summarize those facts essential to support a claim). Fact pleading requires the pleader to disclose the "material facts" sufficient to enable the adverse party to prepare its case. Landau v. W. Pa. Nat'l Bank, 282 A.2d 335, 339 (Pa. 1971). A specific complaint is required so that a defendant's right and ability to answer is not impaired by a plaintiff's vagueness in stating the grounds of the lawsuit. Local No. 163 v. Watkins, 207 A.2d 776, 778 (Pa. 1965). "The pertinent question under Rule 1028(a)(3) is 'whether the complaint is sufficiently clear to enable the defendant to prepare his defense,' or 'whether the plaintiff's complaint informs the defendant with accuracy and completeness of the specific basis on which recovery is sought so that he may know without question upon what grounds to make his defense.'" Rambo v. Greene, 906 A.2d 1232, 1236 (Pa. Super. Ct. 2006) (citation omitted).

Group pleading, or the lumping together of all defendants or groups of defendants for purposes of bulk allegations, does not satisfy the fact pleading requirements of Pa.R.C.P. 1019(a) because group allegations do not specify what act(s) each defendant allegedly committed. See Rogers v. Thomas, No. 12 CV 1464, 2013 WL 1930424, at *10 (Pa. Ct. Com. Pl. May 10, 2013) ("The recurring use of the ubiquitous term 'Defendants' or phrase 'all Defendants,' coupled with

9

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

the grammatical inconsistencies present throughout the complaint, make it virtually impossible to decipher the underlying factual assertions and to determine what averments apply to which defendants."); Davitt v. Easton Warren Urology, No. C-48-CV-2009-1413, 2009 WL 6969705, at *5 (Pa. Com. Ct. Pl. July 1, 2009) ("While a complaint must be viewed as a whole, a defendant should not be left to hunt and peck through a complaint in order to decipher what paragraphs could possibly be directed at him . . . .").

**B.      Plaintiff's Claims Against Defendant Miller Should Be Dismissed for Failure to Plead Facts**

Plaintiff's Complaint lacks factual allegations against Defendant Miller, leaving her to speculate as to the allegations against her and impairing her ability to substantively respond. Plaintiff does not assert any facts regarding Defendant Miller's conduct or her involvement in the alleged misappropriation of NBOA assets. Instead, Plaintiff relies on a single allegation, "on information and belief," that the inclusion of Defendant Miller in Bene Market, LLC is "to further a fraudulent purpose of trying to shield assets from liability to Jordan." Accordingly, Pa.R.C.P. 1028(a)(3) provides an additional basis to dismiss all claims against Defendant Miller.

**VI.      CONCLUSION**

For all the foregoing reasons, Defendants respectfully request that the Court sustain the Preliminary Objections and enter the order in the form proposed.

Respectfully submitted,

**FOX ROTHSCHILD, LLP**

_____
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

Dated:  August 29, 2022            *Attorneys for Defendants*

10

Received County of Berks Prothonotary's Office on 08/29/2022 5:44 PM Prothonotary Docket No. 22-11757

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

                Plaintiff,

    v.

BENE MARKET, LLC, ALAN CHRISTOPHER
REDMOND, individually and d/b/a "The Lead
House," and STEPHANIE MILLER,

                Defendants.

CIVIL ACTION No. 22-11757

## ORDER

AND NOW, this _____ day of _____, 2022, upon consideration of

the Preliminary Objections of Defendants Bene Market, LLC, Alan Christopher, and Stephanie

Miller to Plaintiff's Complaint, and any response thereto, it is hereby **ORDERED** and **DECREED**

that the Preliminary Objections are **SUSTAINED** as follows:

1. Count I (Unjust Enrichment) Against Defendant Stephanie Miller is DISMISSED;

2. Count II (Piercing the Corporate Veil) Against All Defendants is DISMISSED; and

3. Plaintiff's request for appointment of a receiver and imposition of joint and several
   liability is STRICKEN.

                BY THE COURT:

                _____

                                    , J.