Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

FOX ROTHSCHILD LLP
BY:    Eric E. Reed, Esquire (Pa. No. 204692)
Stephanie Ohnona, Esquire (Pa. No. 328939)
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

Attorneys for Defendants
Bene Market LLC and Alan
Christopher Redmond

Norman M. Valz, Esquire (Pa. No. 61338)
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
(215) 756-2424
nvalz@msn.com

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br>                    Plaintiff,<br><br>          v.<br><br>BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and d/b/a "The Lead House," and STEPHANIE MILLER,<br>                    Defendants. | CIVIL ACTION No. 22-11757 |

## ANSWER AND NEW MATTER TO COMPLAINT

Defendants[1] Bene Market, LLC ("Bene Market") and Alan Christopher Redmond ("Redmond") answer the Complaint of Plaintiff, Jason Scott Jordan ("Jordan") as follows:

1.    Admitted that Jordan is an adult individual.  Defendants lack knowledge or information sufficient to answer the allegation regarding Jordan's residency and therefore deny them.

2.    Denied as stated.

---

[1]    By stipulation approved by the Court, the Complaint is dismissed as to Defendant Stephanie Miller, and she is no longer a party to this action.

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

3.     Admitted that Redmond is an adult individual.  The allegation regarding his residence address is denied.

4.     By stipulation approved by the Court, the Complaint is dismissed as to Defendant Stephanie Miller, and she is no longer a party to this action.

5.     Admitted that Redmond is a member of Bene Market.  The remaining allegations of this paragraph are denied.

6.     Denied.

7.     Admitted.

8.     Admitted that, on December 20, 2021, the Berks County Court of Common Pleas entered a Decision and Verdict in Case No. 14-17117 (the "Prior Action"), and awarding a total of $13,105,107.20, including compensatory damages of $8,105,197.20 and $5 million in punitive damages in Jordan's favor and against Redmond.  The ensuing judgment is on appeal.

9.     Denied as stated.  The cited provision includes a finding that Redmond and Jordan became 50/50 shareholders of National Brokers of America, Inc. ("NBOA") as of November 1, 2013.

10.    Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

11.    Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

142341749.1 - 2/7/2023 10:43:40 AM                    2

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

12. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

13. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

14. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

15. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

16. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

17. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

18. Denied as stated. An order and amended order as reflected on the docket of the Prior Action resulted in the entry of judgment.

19. Denied as stated. As reflected in the records of the Delaware Department of State, Bene Market was formed on May 25, 2016.

20. Denied that a deposition transcript was attached to the Complaint.

**Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757**

21.    Denied that a deposition transcript was attached to the Complaint, but admitted that Bene Market was formed on May 25, 2016 as reflected in the records of the Delaware Department of State.

22.    Denied as stated.  Denied that a deposition transcript was attached to the Complaint, but admitted that Bene Market sold health and disability coverage and benefit products and received commissions for such sales.

23.    Denied that a deposition transcript was attached to the Complaint.  Admitted that Redmond had a 96 percent membership interest and Miller had a four percent membership interest in Bene Market, but that this is no longer the case.

24.    Denied that a deposition transcript was attached to the Complaint.  Admitted that Bene Market commenced business operations after NBOA ceased business operations.

25.    Denied that a deposition transcript was attached to the Complaint.  Admitted that Bene Market hired some personnel who had previously worked for NBOA.

26.    Denied that a deposition transcript was attached to the Complaint.  Denied that Redmond engaged in a "persistent pattern of deception and half-truths."  Admitted that Bene Market hired some personnel who had previously worked for NBOA.

27.    Denied that a deposition transcript was attached to the Complaint.  Denied that Miller "followed" Redmond.

28.    Denied that a deposition transcript was attached to the Complaint.  The remaining allegations of this paragraph are denied.

29.    Denied.

30.    Denied that a deposition transcript was attached to the Complaint.  The remaining allegations of this paragraph are denied.

142341749.1 - 2/7/2023 10:43:40 AM                    4

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

31. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

32. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

33. Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict. Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

34. Denied.

35. Denied.

### Count I – Unjust Enrichment (Plaintiff v. Defendants)

36. Bene Market and Redmond incorporate their answers in the foregoing paragraphs as if restated here.

37. Denied as stated. Admitted that Jordan was afforded a 50 percent shareholder interest in NBOA, which he lost in connection with his termination as asserted in the Prior Action, the judgment in which is on appeal.

38. Denied.

39. Denied as stated. Admitted that Miller was the CFO of NBOA. Denied that Miller "followed" Redmond.

40. Denied.

41. Denied.

42. Denied.

142341749.1 - 2/7/2023 10:43:40 AM

43.     Denied.

44.     Denied.

45.     Denied.

46.     Denied.

47.     Denied.

WHEREFORE, Bene Market and Redmond request that the Court dismiss the Complaint and award them such other relief as may be appropriate.

### Count II – Piercing the Corporate Veil (Plaintiff v. Bene Market)

48.     Bene Market and Redmond incorporate their answers in the foregoing paragraphs as if restated here.

49.     Denied as stated.  Admitted that Jordan was afforded a 50 percent shareholder interest in NBOA, which he lost in connection with his termination as asserted in the Prior Action, the judgment in which is on appeal.

50.     Denied as stated.  Admitted that Miller was the CFO of NBOA.  Denied that Miller "followed" Redmond.

51.     Denied.

52.     Denied.

53.     This is an assertion of law to which no answer is required.  To the extent that an answer is required, denied.

54.     Denied.

55.     This is an assertion of law to which no answer is required.  To the extent that an answer is required, denied.

56.     Denied.

142341749.1 - 2/7/2023 10:43:40 AM                    6

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

**Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757**

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

WHEREFORE, Bene Market and Redmond request that the Court dismiss the Complaint and award them such other relief as may be appropriate.

## NEW MATTER

Bene Market and Redmond may rely on the following affirmative or special defenses in this matter:

1. Jordan fails to state claims on which relief can be granted.

2. Jordan improperly asserts claims for unjust enrichment in that cannot establish that he conferred any benefit on Bene Market or Redmond.

3. Jordan cannot demonstrate entitlement to pierce the corporate veil.

4. Jordan fails to allege any basis for imposing joint and several liability and cannot demonstrate that the appointment of a receiver is warranted.

5. Jordan's claims fail in that they erroneously rely on issue or claim preclusion as to the Prior Action.

6. Jordan's claims fail in that Bene Market and Redmond breached no duty or obligation to him by operation of contract or law.

7. Jordan's claims are barred, in whole or in part, by the statute of limitations.

8. Jordan's claims are barred, in whole or in part, by his prior breach of contract.

142341749.1 - 2/7/2023 10:43:40 AM                     7

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

9.      Jordan's claims are barred, in whole or in part, by the doctrines of setoff and recoupment.

10.     Jordan's claims fail for the reasons stated in the appeal of the judgment in the Prior Action, which is docketed as appeal number 642 MDA 2022 before the Pennsylvania Superior Court.

11.     Jordan's claims are barred, in whole or in part, by the doctrines of laches, estoppel, and unjust enrichment.

12.     Jordan's claims are barred, in whole or in part, by the economic loss doctrine and gist of the action doctrine.

13.     Jordan's claims are barred, in whole or in part, because punitive damages cannot be imputed to a nonparty to an underlying proceeding.

14.     Jordan's claims are barred by the doctrine of unclean hands and for failure of consideration for at least the reasons that, in order to procure his position with NBOA, he falsely claimed that he was licensed to sell insurance in Pennsylvania and elsewhere, and that he had sufficient education and experience to do so, that he had no criminal record, and that he had the professional capability to serve as sales manager.

15.     Bene Market and Redmond reserve the right to amend to assert different or additional defenses as the case proceeds and discovery warrants.

142341749.1 - 2/7/2023 10:43:40 AM                8

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757

WHEREFORE, Bene Market and Redmond respectfully requests that this Court dismiss the Complaint and award them such other relief as may be appropriate.

Respectfully submitted,

/s/ Eric E. Reed
Fox Rothschild LLP
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758

*Attorneys for Defendants Bene Market LLC and Alan Christopher Redmond*

Dated:  February 7, 2023

142341749.1 - 2/7/2023 10:43:40 AM

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

      Plaintiff,

  v.

BENE MARKET, LLC, ALAN CHRISTOPHER
REDMOND, individually and d/b/a "The Lead
House," and STEPHANIE MILLER,

      Defendants.

CIVIL ACTION No. 22-11757

## CERTIFICATE OF SERVICE

I certify that on February 7, 2023, a true and correct copy of the foregoing Answer and

New Matter was filed with the court using the electronic filing system, which will provide notice

and a copy to the below, and a copy was also sent by email:

Joel A. Ready, Esquire
CORNERSTONE LAW FIRM, LLC
8500 Allentown Pike, Suite 3
Blandon, PA  19510
*Counsel for Plaintiff*

         **FOX ROTHSCHILD, LLP**

          /s/ Eric E. Reed
         Eric E. Reed, Esquire
         Stephanie Ohnona, Esquire
         2000 Market Street, 20th Floor
         Philadelphia, PA  19103
         (215) 299-2000
         (215) 299-2150 (facsimile)

         *Attorneys for Defendants Bene Market LLC*
         *and Alan Christopher Redmond*

Dated:  February 7, 2023

Received County of Berks Prothonotary's Office on 02/07/2023 10:46 AM Prothonotary Docket No. 22-11757