**Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757**

FOX ROTHSCHILD LLP                                              Attorneys for Defendants
BY:    Eric E. Reed, Esquire (Pa. No. 204692)                  Bene Market LLC and Alan
Stephanie Ohnona, Esquire (Pa. No. 328939)                     Christopher Redmond
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

Norman M. Valz, Esquire (Pa. No. 61338)
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
(215) 756-2424
nvalz@msn.com

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,
                          Plaintiff,

            v.                                                 CIVIL ACTION No. 22-11757

BENE MARKET, LLC, and ALAN
CHRISTOPHER REDMOND, individually and
d/b/a "The Lead House,"
                          Defendants.

**OPPOSITION TO PLAINTIFF'S MOTION FOR RECEIVER**

Defendants Bene Market, LLC ("Bene Market") and Alan Christopher Redmond

("Redmond") oppose the motion of Plaintiff, Jason Scott Jordan ("Jordan") for appointment of a

receiver for Bene Market.  Defendants refer the Court to their accompanying Brief, and address

Jordan's specific assertions as follows:

1.    Admitted.

2.    Denied as stated.  Admitted that Redmond holds 96 percent of the issued

membership interest of Bene Market.

3.    Admitted.

4.    Admitted.

143454933.1

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

5.      Admitted that, on December 20, 2021, the Judge Rowley of the Berks County Court of Common Pleas entered a Decision and Verdict in Case No. 14-17117 (the "Prior Action"), and awarding a total of $13,105,107.20, including compensatory damages of $8,105,197.20 and $5 million in punitive damages in Jordan's favor.

6.      Admitted that Redmond has not paid any portion of the judgment, which is on appeal.

7.      Admitted that Jordan filed the present case in July 2022, and the averments of the filed answer and new matter to Jordan's complaint are incorporated by reference.

8.      Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

9.      Admitted that, as reflected in the records of the Delaware Department of State, Bene Market was formed on May 25, 2016.

10.     Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

11.     Denied.

12.     Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

13.     Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

143454933.1                                    2

14.     Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

15.     Denied.

16.     Admitted that Jordan attached and partially cited UCC filings.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Admitted that Rule 1533 states in part that a temporary receiver may be appointed if required by the exigencies of the case.  However, under the cases cited by Jordan and additional case law, a receiver should not be appointed where it would not do any good, i.e., secure assets or prevent dissipation, or the movant fails to demonstrate an imminent threat of such an outcome. *See Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959).  No imminent threat of dissipation exists here.

24.     Denied.

25.     Denied.

26.     Denied.  Rule 1533 does not excuse a bond in the event of a hearing; it merely states that the plaintiff must post a bond if the court appoints a receiver without notice.

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

143454933.1

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

WHEREFORE, for the above reasons and those stated in the accompanying brief, Bene Market and Redmond request that the Court deny Jordan's motion to appoint a receiver.

Respectfully submitted,

/s/ Eric E. Reed

Fox Rothschild LLP
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758

*Attorneys for Defendants Bene Market LLC
and Alan Christopher Redmond*

Dated:  March 9, 2023

143454933.1                                                4

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

FOX ROTHSCHILD LLP                                      Attorneys for Defendants
BY:    Eric E. Reed, Esquire (Pa. No. 204692)           Bene Market LLC and Alan
Stephanie Ohnona, Esquire (Pa. No. 328939)              Christopher Redmond
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

Norman M. Valz, Esquire (Pa. No. 61338)
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
(215) 756-2424
nvalz@msn.com

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br>                       Plaintiff,<br><br>        v.<br><br>BENE MARKET, LLC, and ALAN<br>CHRISTOPHER REDMOND, individually and<br>d/b/a "The Lead House,"<br>                       Defendants. | CIVIL ACTION No. 22-11757 |

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECEIVER

Defendants Bene Market, LLC ("Bene Market") and Alan Christopher Redmond ("Redmond") oppose the motion of Plaintiff, Jason Scott Jordan ("Jordan") for appointment of a receiver for Bene Market. Oddly, Jordan moved for appointment of a receiver before even issuing the presently pending discovery to Bene Market. If he had not placed the cart before the horse, Jordan would have known that Bene Market ceased writing new policies in 2020 and there is currently no business revenue from which to pay a receiver, much less an ongoing Bene Market operation over which to appoint a receiver. In addition to its legal deficiencies, Jordan's motion makes no practical sense.

143454933.1

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

Jordan's motion should be denied because:  (1) Jordan's thin filing fails to demonstrate the "extraordinary circumstances" required to appoint a receiver under applicable law; (2) Jordan lacks standing to seek appointment of a receiver in that he is not and never was a member of Bene Market; (3) he regards the factual basis on which he brings the motion on Judge Rowley's findings in the prior case against National Brokers of America, Inc. ("NBOA"), but that case is on appeal and Judge Rowley's findings have no preclusive effect, and Bene Market was never a party to that case in the first instance; (4) the claims asserted against Bene Market are time-barred in that they relate to alleged conduct that is more than two years old under 42 Pa. C.S.A. § 5524; (5) as an equitable remedy, the appointment of a receiver is subject to the equitable defense of unclean hands, and Jordan's conduct in relation to the underlying facts disqualifies him from equitable relief; and (6) as a practical matter, and as the pending discovery will show, there is no business operation over which to appoint a receiver because Bene Market, while not formally dissolved, stopped writing new business in 2020.

Under Pennsylvania law, the appointment of a receiver is an extraordinary remedy that should be used only in very limited circumstances:

> The power to appoint a receiver is a delicate one, which is jealously safeguarded, and reluctantly exercised, by the courts.  The power should be exercised sparingly, with caution and circumspection, and only in an extreme case under extraordinary circumstances, or under such circumstances as demand or require summary relief.

*See Hankin v. Hankin*, 493 A.2d 675, 677 (Pa. 1985) (citing *Tate v. Philadelphia Transp. Co.*, 190 A.2d 316, 321 (1963)).  A "receiver will not be appointed unless it appears that the appointment is necessary to save the property from injury or threatened loss or dissipation." *Northampton National Bank of Easton v. Piscanio*, 379 A.2d 870, 872 (Pa. 1977) (quoting *Credit Alliance Corporation v. Philadelphia Minit-Man Car Wash Corp.*, 301 A.2d 816, 818-19 (Pa. 1973)).

143454933.1                                         2

**Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757**

There is nothing "which affects a corporation with such serious consequences as does the appointment of a receiver; it is a severe . . . remedy, and the conditions that call it into action should be such as would, if persisted in, ordinarily be fatal to corporate life.  The appointment is a distress signal and is immediately followed by a lowering of financial credit and a general readjustment." *See Northampton National Bank of Easton v. Piscanio*, 379 A.2d at 873 (citing *McDougall v. Huntingdon & Broad Top Mountain Railroad & Coal Co.*, 143 A. 547, 578 (1928).  "In view of the serious consequences following the appointment of a receiver, a court must be absolutely certain that it is necessary to protect the interests of the creditors."  *Id*. (emphasis added).  A court should not appoint a receiver "where there is well-founded suspicion it would be followed by serious injustice or injury to the rights of all parties interested."  *Waddell v. Shriber*, 348 A.2d 96, 103 (Pa. 1975) (citation omitted).  Further, a court should not appoint a receiver where doing so will "work irreparable injury to the rights and interests of others and greater injury will probably result from the appointment."  *Id*.

Here, Jordan makes no effort to demonstrate the "extraordinary circumstances" under which a receiver can be appointed under Pennsylvania law.  Instead, Jordan relies exclusively on the findings of now-retired Judge Rowley following a highly problematic two-day bench trial that is the subject of a pending appeal before the Superior Court.  But those findings have no preclusive effect because there is no final judgment given the pending appeal, and the ability to fully and fairly litigate the prior action is a core issue of the appeal.  *See Callaghan v. Workers' Compensation Appeal Board (City of Philadelphia)*, 750 A.2d 408, 412 (Pa. Cmwlth. 2000) (issue preclusion or collateral estoppel requires, among other things, a final judgment on the merits and a full and fair opportunity to litigate in the prior action).

143454933.1

3

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

Jordan's two case citations in support of his motion (including a concurring opinion) stand for the proposition that an imminent threat of dissipation of assets is a valid consideration for appointment of a receiver. *See Hankin v. Hankin*, 493 A.2d 675 (Pa. 1985) and *Levin v. Barish*, 481 A.2d 1183 (Pa. 1984) (concurring opinion). On that point, a receiver should not be appointed where it would not do any good, i.e., secure assets or prevent dissipation, or the movant fails to demonstrate an imminent threat of such an outcome. *See Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959) ("common law rule is clear that where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate, the appointment of a receiver should not be granted"); *U.S. Bank N.A. v. Brookside St. Ives, LLC*, No. 12-05519, 2012 WL 12897101, * 2 (E.D. Pa. Dec. 11, 2012) (concluding that there was no evidence of "imminent danger" sufficient to justify the appointment of a receiver).

As a practical matter, it makes no sense to appoint a receiver in this case. As Jordan would have learned if he had issued discovery before filing for a receiver, Bene Market essentially stopped writing new business in 2020. Although it is not technically dissolved it does not generate assets to protect in the first place. Under such circumstances, a receiver would serve no purpose. In addition, receivers are paid for their services from the entity for which they serve as receiver, but again there is no ongoing business revenue generated by Bene Market from which to pay a receiver.

Jordan also lacks standing to seek a receiver for Bene Market. He is not and never was a member of Bene Market, has no agreement with Bene Market whereby Bene Market owes him anything, and has no judgment against Bene Market. Jordan alleges that Bene Market is an alter ego of NBOA, but must prove that claim to be entitled to any relief against Bene Market.

143454933.1                                          4

**Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757**

Further to the point of Jordan lacking a judgment against Bene Market, the allegations giving rise to the judgment against NBOA and Redmond in the prior case pertained to transactions and occurrences in 2014, i.e., the alleged freezeout of Jordan from NBOA. Judge Rowley's findings in the prior case included alleged misappropriation from Bene Market through 2020, but again there is no judgment against Bene Market, and Bene Market was not a party to the prior case. In addition, Jordan commenced this case on July 28, 2022, which implicates the two-year statute of limitations under 42 Pa. C.S.A. § 5524.

As an equitable remedy, the appointment of a receiver is subject to equitable defenses. Under Pennsylvania law, "[t]he doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy at issue." *Morgan v. Morgan*, 193 A.3d 999, 1005 (Pa. Super. 2018). "A court may deprive a [plaintiff] of equitable relief where, to the detriment of the other party, the party applying for such relief is guilty of bad conduct relating to the matter at issue." *County of Luzerne v. Luzerne County Retirement Board*, 882 A.2d 531, 536 (Pa. Commw. 2005) (citing *Terraciano v. Dept. of Transp. Bureau of Driver Licensing*, 753 A.2d 233, 238 (Pa. 2000)).

Jordan comes before this Court with unclean hands. As addressed in the prior action, Jordan secured employment by and ownership in NBOA by misrepresenting that he was licensed to sell insurance in Pennsylvania and elsewhere, and that he had sufficient education and experience to do so, that he had no criminal record, and that he had the professional capability to serve as sales manager for NBOA. None of that proved accurate, as Jordan was unlicensed and had a significant criminal record and was thus ineligible for licensure under 31 Pa. Code § 37.46. The Pennsylvania Department of Insurance investigated NBOA related to Jordan's sale of

143454933.1                                              5

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

insurance policies without a license, and NBOA incurred hundreds of thousands of dollars in legal fees in responding to that investigation.

On October 28, 2014, Redmond, derivatively on behalf of NBOA, initiated the prior action by summons and a request for emergency injunction to bar Jordan from the business premises. As described in the subsequent Complaint, the injunction followed a course of harassing and abusive behavior by Jordan towards NBOA employees prior to his termination, and additional troubling conduct thereafter. This led to the hiring of a security guard, and the Court issued an injunction precluding Jordan from the business premises. Because Jordan has unclean hands, this Court should deny outright any request for equitable relief. *See PNC Bank v. Kerr*, 802 A.2d 634, 642 (Pa. Super. 2002) (denying equitable relief based on doctrine of unclean hands where party violated terms of agreements).

Finally, it bears noting that, in 2018, Jordan undertook a nearly identical request to appoint a receiver for NBOA—the entity that Jordan claims was continued as Bene Market. Judge Rowley denied that request in 2018, and the same result is appropriate here. Jordan's motion lacks any basis in Pennsylvania law, and should be rejected.

Respectfully submitted,

/s/ Eric E. Reed
Fox Rothschild LLP
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000
(215) 299-2150 (facsimile)

143454933.1                                    6

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758

*Attorneys for Defendants Bene Market LLC
and Alan Christopher Redmond*

Dated:  March 9, 2023

143454933.1                                                 7

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

                Plaintiff,

        v.

BENE MARKET, LLC, and ALAN
CHRISTOPHER REDMOND, individually and
d/b/a "The Lead House,"

                Defendants.

CIVIL ACTION No. 22-11757

## **ORDER**

AND NOW, this _____ day of _____, 2023, this matter coming before the Court on the motion of Plaintiff, Jason Scott Jordan for appointment of a receiver for Defendant, Bene Market, LLC, and the Court having considered the parties' submissions and argument, it is hereby ordered that the motion is DENIED.

BY THE COURT

JEFFREY K. SPRECHER, J.

143454933.1

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 03/09/2023 3:19 PM Prothonotary Docket No. 22-11757

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

           Plaintiff,

    v.

BENE MARKET, LLC, ALAN CHRISTOPHER
REDMOND, individually and d/b/a "The Lead
House," and STEPHANIE MILLER,

           Defendants.

CIVIL ACTION No. 22-11757

## CERTIFICATE OF SERVICE

I certify that on March 9, 2023, a true and correct copy of the foregoing Answer and New

Matter was filed with the court using the electronic filing system, which will provide notice and

a copy to the below, and a copy was also sent by email and U.S. Mail to:

Joel A. Ready, Esquire
CORNERSTONE LAW FIRM, LLC
8500 Allentown Pike, Suite 3
Blandon, PA  19510
*Counsel for Plaintiff*

**FOX ROTHSCHILD, LLP**

  /s/ Eric E. Reed
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

*Attorneys for Defendants Bene Market LLC
and Alan Christopher Redmond*

Dated:  March 9, 2023

143454933.1