Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.: 22-11757<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S REPLY BRIEF IN SUPPORT OF PETITION FOR A TEMPORARY RECEIVER

Plaintiff, Jason Scott Jordan, by and through counsel hereby submits this brief in reply in support of Plaintiff's Petition for a Temporary Receiver, and requests this Honorable Court to grant the Petition.

## STATEMENT OF THE CASE

### I.   Admitted Facts.

Defendant's Opposition, filed on March 9, 2023, was not verified by Alan Christopher Redmond or by any officer of Bene Market, LLC. Defendants did not specifically deny Paragraphs 15 through 21 of Plaintiff's Petition:

15.   Redmond follows a regular pattern of fraud and self-dealing, by overleveraging Respondent so that it appears to have no profits while paying himself an inflated salary and recharacterizing his personal expenses as business expenses, in order to fraudulently avoid liability to Petitioner.

16.   As shown in UCC Filings in Exhibit B, creditors have asserted liens on "All Assets now owned or hereafter acquired and wherever located," and "All commissions, payments, premium, monies, or compensation of any kind earned after October 1, 2018, related in any way to the policies or contract by Bene Market LLC and/or Stephanie Miller."

1

Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757

17.     Redmond may convert his salary, and other income from Respondent, to physical assets that could depreciate or degrade by the time of final disposition in this matter and execution of the judgment.  Such physical assets would be more difficult, costly, and inefficient to execute against than liquid assets.

18.     Redmond may easily conceal the proceeds of his salary, perquisites, and other funds drawn from Respondent.  The fact he holds dual citizenship in the United States and the Republic of Ireland may facilitate this.

19.     Redmond may lose some or all of Respondent's business assets should that business be allowed to fail.

20.     Redmond may encumber Respondent's assets with credit, liens, or other security interests held by third parties, and such may defeat Petitioner's right to enforce the judgment.

21.     Redmond through Respondent is misappropriating the opportunity to do business from Petitioner, who rightfully and lawfully ought to receive the assets to operate in business of his own.

[Pet. ¶¶ 15-21]. By operation of Pa.R.C.P. 1029(b), the failure of Defendants to give a verified,

specific denial is deemed an admission.

## II.     Statements of Counsel are Not Evidence and Defendants are Collaterally Estopped from Denying the Existence of Assets.

In Defendants' Brief, counsel asserts that Bene Market, LLC "ceased writing new policies

in 2020 and there is currently no business revenue from which to pay a receiver, much less an

ongoing Bene Market operation over which to appoint a receiver." [Br. at 1]. It is axiomatic that

the statements of counsel are not evidence. The Brief is not verified by Redmond. Additionally,

Defendants are collaterally estopped from denying the existence of assets. At trial in the prior

action, Judge Rowley found that Redmond took $3,801,821 from Bene Market, LLC in the year

2020. [Pet., Ex. A ¶ 77]. Consequently, Redmond cannot assert there are no business revenue. By

overleveraging Bene Market, LLC to pay an exorbitant salary to Redmond as disguised profits,

the true revenue of the business is concealed.

Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757

## ARGUMENT

### I.    Defendants are Collaterally Estopped from Denying Judge Rowley's Verdict and Insolvency is a Well-Recognized Ground for Appointing a Receiver.

Defendants offered no affidavit or verified pleading that Bene Market, LLC does not have business revenue and, as a matter of law, "Counsel's statements are not evidence." Senza-Gel Corp. v. Seiffhart, 803 F.2d 661, 667 n.7 (Fed. Cir. 1986); accord. Rogers v. City of Philadelphia, 2016 Pa. Commw. Unpub. LEXIS 821, at *24 n.7 (Nov. 30, 2016).

Defendants erroneously assert that the pendency of appeal prevents the application of collateral estoppel. That is not the law. "A judgment is deemed final for purposes of res judicata or collateral estoppel unless or until it is reversed on appeal." Shaffer v. Smith, 673 A.2d 872, 874 (Pa. 1996) (citations omitted). With Redmond as the sole owner, Bene Market, LLC is "in privity" with Redmond and collaterally estopped by Judge Rowley's judgment and verdict. Rue v. K-Mart Corp., 713 A.2d 82, 84 (Pa. 1998).

Even if it were otherwise, Bene Market, LLC provided no verified, specific denial of Judge Rowley's Verdict, including the finding that Alan Christopher Redmond took $3,801,821 from Bene Market, LLC in the year 2020. Neither was there any verified, specific denial that Redmond purposefully overleverages the LLC in order to disguise profit through debt payments and through an exorbitant salary to himself and by running his personal expenses through the business.

Finally, even if the Court accepted as hypothetically true that Bene Market, LLC is insolvent or dissolved, those are also well-recognized grounds for appointing a receiver. By asserting that Bene Market, LLC has ceased business operations, then Defendants confess the standard of actual or threatened loss or dissipation of assets, warranting the appointment of a receiver. Credit Alliance Corp. v. Philadelphia Minit-Man Car Wash Corp., 301 A.2d 816, 818-820 (Pa. 1973). For insolvent or dissolved businesses, receivers are appointed to obtain an

accounting and ensure that assets are paid to creditors rather than fraudulently appropriated by insiders like Redmond. <u>Hankin v. Hankin</u>, 493 A.2d 675, 677 (Pa. 1985); <u>Reichert v. Reichert</u>, 49 Pa. D. & C.2d 274, 278 (C.P. Bucks 1970).

Defendants have not presented any meritorious defense to the appointment of a temporary receiver. Relief is manifestly due.

## II.      Fraud is a Sufficient Ground for Appointing a Receiver.

Defendants' brief tracks a great length of citations showing a receivership is an extraordinary and atypical remedy. But the "existence of waste or dissipation of assets, or fraud or mismanagement" of assets "give cause for the appointment of a receiver," <u>Hankin v. Hankin</u>, 493 A.2d 675, 677 (Pa. 1985).

Here, Bene Market, LLC failed to give a verified, specific denial of Judge Rowley's Verdict that Alan Christopher Redmond took $3,801,821 from Bene Market, LLC in the year 2020. Therefore, ongoing fraud is established, warranting a receiver.

## III.      Plaintiff has Standing to Request a Temporary Receivership.

Defendants cite no caselaw supporting their contention that Plaintiff lacks standing to appoint a receiver. The Court should regard that issue as waived by Defendants, because it is well-settled that factually unsupported, legally undeveloped or non-responsive arguments result in waiver. <u>United States v. Hird</u>, 913 F.3d 332, 355 n.33 (3d Cir. 2019) (without "a factual basis for such a challenge, we regard the issue to be waived."); <u>Griswold v. Coventry First, LLC</u>, 762 F.3d 264, 272 n.6 (3d Cir. 2014) ("undeveloped argument is insufficient"); <u>Eulo v. Deval Aerodynamics, Inc.</u>, 430 F.2d 325, 326 n.5 (3d Cir. 1970) (waiver where nothing "more than a cursory argument" is offered); <u>Wilson v. Cameron</u>, 2015 U.S. Dist. LEXIS 119637, at *10 (E.D. Pa. Sept. 9, 2015) (party's objection was "non-responsive"). "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." <u>New York</u>

Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757

Rehab. Care Mgmt. v. NLRB, 506 F.3d 1070, 1076 (D.C. Cir. 2007).

Plaintiff has standing as an aggrieved party. Under Pennsylvania law:

> [I]n order to be aggrieved, a party must show that it has a substantial, direct and immediate interest in the claim sought to be litigated. We have defined these requirements as follows: a "substantial" interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law; a "direct" interest requires a showing that the matter complained of caused harm to the party's interest; an "immediate" interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it, and is shown where the interest the party seeks to protect is within the zone of interests sought to be protected by the statute or constitutional guarantee in question.

Pennsylvania Med. Soc'y v. Dep't of Pub. Welfare, 39 A.3d 267, 278 (Pa. 2012) (internal citations deleted). Here, having obtained a judgment against Alan Christopher Redmond for $13,105,197.20 and where Judge Rowley found that Redmond fraudulently transferred assets from NBOA to Bene Market, LLC, Plaintiff meets the standard for a substantial, direct and immediate interest in the appointment of a receiver so that his judgment can be paid and assets of Bene Market, LLC are not dissipated. Under Redmond's management, the assets of Bene Market, LLC are becoming dissipated or concealed in order to avoid paying the judgment.

Additionally, Plaintiff seeks unjust enrichment against Bene Market, LLC in the sense that Plaintiff is an equitable owner, entitled to 50% of the ownership of the LLC. [Compl. ¶¶ 36-47].

Plaintiff has standing and Defendants fail to show otherwise.

**IV.    There is No Statute of Limitations for Temporary Receivers.**

Defendants claim we have failed a two-year statute of limitations under 42 Pa.C.S. § 5524. A temporary receiver is an equitable remedy that is applied during the pendency of a suit. "[W]e conclude that equity courts may not rely solely on statutes of limitation in determining if a claim is timely." United Nat'l Ins. v. J. H. France Refractories Co., 668 A.2d 120, 125 (Pa. 1995). Equity will not apply laches where there is fraud or concealment. Id. at 124. Here, the record shows that

5

**Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757**

Redmond created Bene Market, LLC during the pendency of the first suit against himself and NBOA. During that suit, he fraudulently transferred assets from NBOA to Bene Market, LLC and concealed the same from Plaintiff. On what dates did those transfers occur? We don't know, because Redmond has concealed that.

Moreover, Plaintiff's claims against Redmond were not reduced to judgment until March 31, 2022. We filed the Complaint on July 28, 2022. Even if a two-year statute of limitations had applied, Plaintiff has satisfied it. Consequently, there is no showing by Defendants why laches should apply here.

**CONCLUSION**

WHEREFORE, based on the foregoing, Plaintiff respectfully requests that this Honorable Court grant Plaintiff's Petition to Appoint Receiver.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Date: March 21, 2023          By:      /s/ Joel A. Ready
                                       Joel A. Ready, Esquire
                                       I.D. # 321966
                                       8500 Allentown Pike, Suite 3
                                       Blandon, PA 19510
                                       (610) 926-7875
                                       *Counsel for Plaintiff*

**Received County of Berks Prothonotary's Office on 03/21/2023 11:52 AM Prothonotary Docket No. 22-11757**

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>              Plaintiff,<br><br>       v.<br><br><br>BENE MARKET, LLC, et al.,<br>              Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.: 22-11757<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Maria K. Kreiser, certify that on Tuesday, March 21, 2023, I served true and correct copies of the within Plaintiff's Reply Brief in Support of Petition for a Temporary Receiver and this Certificate of Service via email to the addressees as listed below:

Norman M. Valz, Esq.
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA 19026
*nvalz@msn.com*

Eric E. Reed, Esq.
Fox Rothschild, LLP
2000 Market St., 20th Floor
Philadelphia, PA 19103
*ereed@foxrothschild.com*

**CORNERSTONE LAW FIRM, LLC**

Date:   March 21, 2023          By:   _____
                                                    Maria K. Kreiser, Paralegal