Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757

FOX ROTHSCHILD LLP                                      Attorneys for Defendants
BY:   Eric E. Reed, Esquire (Pa. No. 204692)           Bene Market LLC and Alan
Stephanie Ohnona, Esquire (Pa. No. 328939)             Christopher Redmond
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000

Norman M. Valz, Esquire (Pa. No. 61338)
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
(215) 756-2424
nvalz@msn.com

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>                    Plaintiff,<br><br>         v.<br><br>BENE MARKET, LLC, and ALAN<br>CHRISTOPHER REDMOND, individually and<br>d/b/a "The Lead House,"<br>                    Defendants. | CIVIL ACTION No. 22-11757 |

## DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECEIVER

Defendants Bene Market, LLC ("Bene Market") and Alan Christopher Redmond ("Redmond") submit this supplement to its prior opposition to the motion of Plaintiff, Jason Scott Jordan ("Jordan") for appointment of a receiver for Bene Market.  The purposes of the supplement are:  (1) to bring to the Court's attention the affidavit of John Sardella, CPA, for the proposition that there is no business operation over which to appoint a receiver, because Bene Market essentially ceased operating in 2020; and (2) to alert the Court that the Superior Court scheduled argument on the appeal of the underlying case for June 6, 2023.

145785816.1

Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757

Defendants respectfully submit that there is no reason to occupy the Court's time for the May 17, 2023 hearing on Jordan's motion given that there is no ongoing business over which to appoint a receiver, any trailing business revenue would be insufficient to pay a receiver, and the underlying judgment is nearer to resolution.

### 1. Appointing a Receiver for a Defunct Entity Serves No Purpose

The cases that Jordan cited in support of his motion stand for the proposition that an imminent threat of dissipation of assets is a valid consideration for appointment of a receiver. *See Hankin v. Hankin*, 493 A.2d 675 (Pa. 1985) and *Levin v. Barish*, 481 A.2d 1183 (Pa. 1984) (concurring opinion). The corollary to that is a receiver should not be appointed where it would not do any good, i.e., secure assets or prevent dissipation, or the movant fails to demonstrate an imminent threat of such an outcome. *See Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959) ("common law rule is clear that where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate, the appointment of a receiver should not be granted"); *U.S. Bank N.A. v. Brookside St. Ives, LLC*, No. 12-05519, 2012 WL 12897101, * 2 (E.D. Pa. Dec. 11, 2012) (concluding that there was no evidence of "imminent danger" sufficient to justify the appointment of a receiver).[1]

On May 15, 2023, Defendants filed an affidavit from John Sardella, an outside CPA who performed accounting, payroll, and related services for Bene Market while it operated. A copy of Sardella's affidavit is also attached as Exhibit A to this filing. As Sardella attests, Bene Market

---

[1] Similarly, a "receiver will not be appointed unless it appears that the appointment is necessary to save the property from injury or threatened loss or dissipation." *Northampton National Bank of Easton v. Piscanio*, 379 A.2d 870, 872 (Pa. 1977) (quoting *Credit Alliance Corporation v. Philadelphia Minit-Man Car Wash Corp.*, 301 A.2d 816, 818-19 (Pa. 1973)).

145785816.1                                                          2

**Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757**

currently receives no revenue beyond small residual revenue from products sold while it operated. Sardella prepared the payroll, but has had no reason to do so since the first quarter of 2022.  The tax returns and books that he prepared reflect that Bene Market has not sold products or received more than residual income since the last large deposit in October 2020, in the amount of $39,970. *See* Exhibit A.

Jordan issued interrogatories and document requests in March.  The Defendants answered the discovery and produced documents.  Through discovery, Jordan has Bene Market's tax returns and payroll information corroborating Sardella's affidavit.  There can be no dispute that Bene Market has no ongoing operations over which to appoint a receiver.

To the extent that Jordan has proper inquiries regarding Bene Market's former operations, discovery remains available.  There is simply no reason to appoint a receiver, and there is no source of funding to pay a receiver.

### 2.    The Underlying Case is Nearer to Resolution

Jordan largely relies on the findings and conclusions of the trial in the related case that he brought against National Brokers of America and Alan Redmond.  Argument in that appeal has been scheduled for June 6, 2023.  A reversal of judgment would demolish the underpinnings of Jordan's case here.  As much as it makes no sense to appoint a receiver for a defunct entity regardless of the appeal's outcome, it makes even less sense to do so when the appellate argument is less than a month away.

### Conclusion

The Sardella affidavit underscores what Jordan already knows from the discovery in this case – Bene Market has no ongoing business operation over which to appoint a receiver or from which to pay that receiver.  The appeal from the judgment on which this case relies is set for

145785816.1                                                      3

Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757

argument in less than a month.  There is no reason for the parties to occupy the Court's time with the May 17 hearing on Jordan's motion to appoint a receiver.

Date:  May 15, 2023                              Respectfully submitted,

   /s/ Eric E. Reed
Fox Rothschild LLP
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758

*Attorneys for Defendants Bene Market LLC
and Alan Christopher Redmond*

145785816.1                              4

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

              Plaintiff,

    v.

BENE MARKET, LLC, ALAN CHRISTOPHER
REDMOND, individually and d/b/a "The Lead
House," and STEPHANIE MILLER,

              Defendants.

CIVIL ACTION No. 22-11757

**CERTIFICATE OF SERVICE**

I certify that on May 15, 2023, a true and correct copy of the foregoing was filed with the

court using the electronic filing system, which will provide notice and a copy to the below, and a

copy was also sent by email to:

Joel A. Ready, Esquire
Dominic Mayale, Esquire
CORNERSTONE LAW FIRM, LLC
8500 Allentown Pike, Suite 3
Blandon, PA  19510
joel@cornerstonelaw.us
dominic@cornerstonelaw.us
*Counsel for Plaintiff*

                                  **FOX ROTHSCHILD, LLP**

                                    /s/ Eric E. Reed
                                  Eric E. Reed, Esquire
                                  2000 Market Street, 20th Floor
                                  Philadelphia, PA  19103
                                  (215) 299-2000
                                  (215) 299-2150 (facsimile)

                                  *Attorneys for Defendants Bene Market LLC*
                                  *and Alan Christopher Redmond*

Dated:  May 15, 2023

145785816.1

**Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757**

Exhibit A

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

<table>
<tr><td>JASON SCOTT JORDAN,<br><br>   v.<br><br>BENE MARKET, LLC, and ALAN<br>CHRISTOPHER REDMOND, individually and<br>d/b/a "The Lead House"</td><td>CIVIL ACTION No. 22-11757</td></tr>
</table>

### AFFIDAVIT OF JOHN SARDELLA

COMMONWEALTH OF PENNSYLVANIA :
             :
COUNTY OF PHILADELPHIA    :

The undersigned, being first duly sworn according to law, upon oath deposed and did state as follows:

1. My name is John Sardella and I am over eighteen years of age. I am competent to testify, and have personal knowledge of the facts contained in this affidavit and same are all true and correct.

2. I am a certified public accountant and a partner with the accounting firm of C. Malcolm Smith & Co., P.C. in West Lawn, Pennsylvania.

3. In this role I performed certain accounting and related services for Bene Market, LLC. These services included preparing payrolls based on rate, hours, salary, and related information provided by Bene Market, preparing tax returns for Bene Market, and reviewing the financial books of the company.

4. As an outside accountant, I was not part of the business, but I became sufficiently familiar with the business operations to perform my tasks as an accountant.

Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757

145680747.1

Received County of Berks Prothonotary's Office on 05/15/2023 4:07 PM Prothonotary Docket No. 22-11757

5.    I know that Bene Market essentially ceased generating new business in 2020 and currently receives no revenue beyond small residual revenue from products sold while it operated. I know this because I have not prepared a payroll for Bene Market since the first quarter of 2022, and because the tax returns and books that I prepared also reflect that Bene Market has not sold products or received more than residual income since the last large deposit in October 2020 in the amount of $39,970.

_____ CPA
John Sardella, CPA

SUBSCRIBED AND SWORN TO BEFORE ME on this $\underline{15}$ day of May, 2023, to which witness my hand and seal of office.

Commonwealth of Pennsylvania - Notary Seal
Linda L. Rudloff, Notary Public
Berks County
My commission expires April 16, 2024
Commission number 1142145
Member, Pennsylvania Association of Notaries

_____
NOTARY PUBLIC

145680747.1