Case 24-00144-pmm   Doc 36   Filed 12/13/24   Entered 12/13/24 10:26:23   Desc Main
Document   Page 1 of 6

Received County of Berks Prothonotary's Office on 05/22/2023 2:39 PM Prothonotary Docket No. 22-11757

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.: 22-11757<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION FOR A TEMPORARY RECEIVER

Plaintiff, Jason Scott Jordan, by and through counsel hereby submits this supplemental brief, as requested by the Court, in support of the Petition for a Temporary Receiver:

### QUESTION PRESENTED

The Court requested a supplemental brief on the question of whether Jordan has a right of restitution in Bene Market, LLC in the nature of a 50% ownership interest and whether Judge Rowley so found that Bene Market, LLC was a mere continuation of the business of National Brokers of America.

### STATEMENT OF THE CASE

After holding a bench trial at Docket No. 14-17117, Judge Rowley entered a Decision and Verdict concerning Plaintiff's ownership interest in the entity, National Brokers of America (NBOA). Among other things, Judge Rowley found, "As of November 1, 2013, Redmond and Jordan became 50/50 shareholders of NBOA each having exactly 1 voting stock and those two stocks being all of the stock that was issued." [Ex. A ¶ 11]. "JORDAN WAS NEVER REMOVED

1

Received County of Berks Prothonotary's Office on 05/22/2023 2:39 PM Prothonotary Docket No. 22-11757

AS A FIFTY PERCENT SHAREHOLDER AND AS A DIRECTOR OF NBOA." [Id. ¶ 20 (capitalization in original)]. After Alan Christopher Redmon froze out Jordan from NBOA, "in 2017 and 2018 Redmond misappropriated NBOA's book of residual business to his new company, Bene Market, LLC at a discounted rate and without the consent of Jordan and such transfer produced the shutting down of NBOA in 2018." [Id. ¶ 60]. As a result, Bene Market's "gross receipts went from $764,545 in 2016 to $17,295,549 in 2017." [Id. ¶ 61].

Significantly, Judge Rowley found, "Based on the foregoing, Bene Market, LLC is found to be **a mere continuation of NBOA** for purposes of ownership interest and rights as between Redmond and Jordan." [Ex. A ¶ 70 (emphasis added)]. "Redmond knowingly and intentionally lied to C. Malcolm Smith," an accountant, "to induce the materially false statement on the 2014-2017 NBOA [tax] returns that Redmond was the owner of 100% of the NBOA shares." [Id. ¶ 50].

## STATEMENT OF URGENCY AND SIMULTANEOUS REQUEST FOR SUPERSEDEAS BOND AND DISCOVERY IN AID OF EXECUTION

We respectfully urge the Court to address Plaintiff's Petition for a Temporary Receiver with expediency because, at any time, Redmond may dissipate or transfer assets from Bene Market, LLC to avoid liability.

Additionally, Plaintiff's Motion and Memorandum of Law for a Supersedeas Bond and Other Relief (Nov. 15, 2022) is still pending at Docket No. 14-17117 and the Court should grant the same. That Motion requested the Court compel Redmond to answer discovery in aid of execution. If Redmond is moving, or has moved, money out of Bene Market, LLC, then the Court should grant that motion and compel Redmond to disclose his personal wealth and sources of income so that any fraudulent transfers can be promptly investigated.

Received County of Berks Prothonotary's Office on 05/22/2023 2:39 PM Prothonotary Docket No. 22-11757

**ARGUMENT**

**I.      The Relief Sought is Authorized at Law.**

As a matter of law, unjust enrichment is "an independent basis of liability in common-law legal systems," and restitution is both "the cause of action as well as the remedy," RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 1, cmt. a (2011). "Where one party has been unjustly enriched at the expense of another, he is required to make restitution to the other. In order to recover, there must be both (1) an enrichment, and (2) an injustice resulting if recovery for the enrichment is denied." Meehan v. Cheltenham Township, 189 A.2d 593, 595 (Pa. 1963) (citing RESTATEMENT (FIRST) OF RESTITUTION § 1, cmt. a (1937)).

The American Law Institute has restated the law of restitution when a conscious wrongdoer, like Redmond, took tangible assets and had consequential gain: "A person who obtains a benefit by an act of trespass or conversion, by comparable interference with other protected interests in tangible property, or in consequence of such an act by another, is liable in restitution to the victim of the wrong." RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 40. Restitution is intended to "capture a subsequent appreciation in value" from the converted property. Id. § 40, cmt. d. "In consequence, a conscious wrongdoer may be liable to disgorge more than the value of what was taken or obtained in the first instance." Id. § 41, cmt. b. "The ability to obtain restitution of identifiable assets is particularly significant when the restitution claimant would otherwise be in competition with the general creditors of the wrongdoer." Id. § 40, cmt. e.

"The object of restitution in such cases is to eliminate profit from wrongdoing while avoiding, so far as possible, the imposition of a penalty. Restitution remedies that pursue this object are often called 'disgorgement' or 'accounting." Id. § 51(4). In electing remedies, "A claimant entitled to restitution from property may obtain restitution from any traceable product of that property, without regard to subsequent changes of form." Id. § 58(1).

Received County of Berks Prothonotary's Office on 05/22/2023 2:39 PM Prothonotary Docket No. 22-11757

The illustrations in the Restatement fairly cover what has transpired in the instant case:

Father and Son operate a plumbing and heating business in partnership, with Father contributing the physical assets of the business and Son contributing his services. Father is induced by fraud to assign to Son all his interest in the business and its assets. When the fraud comes to light several years later, the court finds that Father is entitled to rescission of the assignment and restitution of the property transferred (§§ 13, 54). At the date of this decree, the business is larger and more profitable than when it was transferred to Son, and its assets in the form of equipment, inventory, receivables, and intangibles are different from those Son received. The court finds, however, that the expansion of the business has been financed in the interim with the profits of the business; moreover, that additional profits have been used to purchase two parcels of real estate. On the facts supposed, the business assets as of the date of the decree and the real property so acquired are traceable products of the assets that Father originally transferred in consequence of Son's fraud. **Son holds all this property in constructive trust for Father**.

Id. § 58, illustration 15 (emphasis added).

Based on the foregoing, it was judicially determined by Judge Rowley — and Defendants are estopped from denying — that Redmond took assets and the book of business from NBOA and created Bene Market, LLC. The latter was a mere continuation of business of the former. Consequently, Redmond is liable to Plaintiff for restitution measured in the accumulation in value of the business, where Plaintiff has a 50% ownership interest.

## II.    Insolvency of Bene Market, LLC is Not a Defense and a Receivership Will Enable Proper Tracing of any Voidable Transactions.

Defendants' argument that Bene Market, LLC is insolvent is not well taken. First of all, by overleveraging through debt-financing and by fraudulently running his personal expenses through the business, Redmond is disguising the profitability of Bene Market, LLC. The appointment of a temporary receiver is therefore an appropriate remedy to safeguard Plaintiff's ability to obtain relief. Redmond cannot be permitted to be in management of Bene Market, LLC any further. Secondly — and equally important — the appointment of a temporary receiver will facilitate a proper accounting and investigation into any transfers of assets outside the ordinary course of business. It will allow a tracing of all transfers of money from Bene Market, LLC which will permit

4

**Received County of Berks Prothonotary's Office on 05/22/2023 2:39 PM Prothonotary Docket No. 22-11757**

Plaintiff to seek relief under the Uniform Voidable Transactions Act, 12 Pa.C.S. § 5101 et seq.

We humbly ask the Court to do the right thing and grant the Petition for a Temporary Receiver. Defendants had ample opportunities to present a defense to our request.

## CONCLUSION

WHEREFORE, based on the foregoing, Petitioner requests that this Court appoint Jason Jordan as temporary receiver until further order of court; to direct the Receiver cause Bene Market, LLC to fully, fairly, and truthfully cooperate in all discovery requests in this litigation; to direct the Receiver to investigate and prepare a report of any suspicious transactions of Bene Market LLC which may be personal expenses of Alan Christopher Redmond or intended to defraud Plaintiff as judgment creditor of Alan Christopher Redmond; and that the receiver shall prepare an accounting of assets, liabilities, and profits of Respondent; and such other relief as the Court deems necessary, just, or appropriate

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: May 22, 2023          By:    /s/ Joel A. Ready
Joel A. Ready, Esquire
I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

5

Received County of Berks Prothonotary's Office on 05/22/2023 2:39 PM Prothonotary Docket No. 22-11757

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN, Plaintiff, | IN THE COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA |
| v. | No. 22-11757 |
| BENE MARKET, LLC and ALAN CHRISTOPHER REDMOND, Defendants. | CIVIL ACTION |

**CERTIFICATE OF SERVICE**

I, Maria K. Kreiser, certify that on Monday, May 22, 2023, I served true and correct copies of the within Plaintiff's Supplemental Brief in Support of Petition for a Temporary Receiver and this Certificate of Service via email to the addressees as listed below:

Norman M. Valz, Esq.
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA 19026
*nvalz@msn.com*

Eric E. Reed, Esq.
Fox Rothschild, LLP
2000 Market St., 20th Floor
Philadelphia, PA 19103
*ereed@foxrothschild.com*

**CORNERSTONE LAW FIRM, LLC**

Date:   May 22, 2023          By: _____
Maria K. Kreiser, Paralegal