**Received County of Berks Prothonotary's Office on 05/31/2023 12:53 PM Prothonotary Docket No. 22-11757**

| | |
|---|---|
| FOX ROTHSCHILD LLP | Attorneys for Defendants |
| BY:   Eric E. Reed, Esquire (Pa. No. 204692) | Bene Market LLC and Alan |
| Stephanie Ohnona, Esquire (Pa. No. 328939) | Christopher Redmond |
| 2000 Market Street, 20th Floor | |
| Philadelphia, PA  19103 | |
| (215) 299-2000 | |

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br>                    Plaintiff,<br><br>        v.<br><br>BENE MARKET, LLC, and ALAN<br>CHRISTOPHER REDMOND, individually and<br>d/b/a "The Lead House,"<br>                    Defendants. | CIVIL ACTION No. 22-11757 |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SUPPLEMENTAL BRIEF REGARDING THE APPOINTMENT OF A RECEIVER**

The Court allowed the parties to submit supplemental briefs on the issue of whether Judge Rowley's findings and conclusions following the bench trial in National Brokers of America, Inc. v. Jordan, No. 14-17117, dictate that the Plaintiff in this case, Jason Scott Jordan ("Jordan"), is deemed a fifty percent member of Bene Market, LLC ("Bene Market"), which is a Defendant in this case. Bene Market and Defendant Alan Christopher Redmond ("Redmond") submit that there is no finding or conclusion to that effect in the prior case, and that the findings and conclusions are insufficient to reach that outcome under Pennsylvania law. More pertinent to the issue at hand in the pending motion to appoint a receiver over Bene Market, there is no basis in fact or law for such relief.

Judge Rowley's findings and conclusions in NBOA v. Jordan included a finding in Paragraph 70 that:

146271535.1

Received County of Berks Prothonotary's Office on 05/31/2023 12:53 PM Prothonotary Docket No. 22-11757

Redmond misappropriated the services of employees and assets (including NBOA's clients) of NBOA and transferred the same to an identical business, Bene Market, LLC. The latter was engaged in selling the same products, using the same office space and same furniture and equipment for Redmond's own personal benefit and to the detriment of Jordan without Jordan's consent. Based on the foregoing, Bene Market, LLC is found to be a mere continuation of NBOA for purposes of ownership interest and rights as between Redmond and Jordan.

In 14 pages and 81 paragraphs of Judge Rowley's findings and conclusions, this is the only paragraph that comes anywhere near concluding that Jordan has any interest in Bene Market. But even this speaks more to issues of successor liability[1] than to whether Jordan is imputed to have an ownership interest in Bene Market.

Judge Rowley adopted almost verbatim the findings and conclusions requested by Jordan. If Jordan or Judge Rowley had wanted to make explicit that Jordan was somehow judicially deemed a 50 percent member of Bene Market, the findings and conclusions could have explicitly stated as much. They do not. Achieving that relief is why Jordan filed this case in the first place. Ultimate relief in a case outside the pleadings is not obtained by mid-discovery motion, but rather via post-discovery summary judgment or trial.

All of the foregoing is a separate issue from that raised in the pending motion, that being whether it is appropriate to appoint a receiver for Bene Market. The Court heard unrefuted testimony from Bene Market's accountant, and Jordan has Bene Market's document production, all establishing that Bene Market is not a going concern and has no material assets over which to appoint a receiver in the first place. As previously briefed, Pennsylvania law does not allow for

---

[1] The Supreme Court of Pennsylvania has recognized five exceptions to the general rule that the purchaser or transferee of a company's assets is not responsible for the debts and liabilities of the selling or transferring company: (1) where the purchaser of assets expressly or implicitly agrees to assume the liabilities of the transferor; (2) where the transaction amounts to a consolidation or merger ("de facto merger"); (3) where the purchasing corporation is merely a continuation of the transferor corporation; (4) where the transaction is fraudulently intended to escape liability; and (5) where the transfer was without adequate consideration and no provisions were made for creditors of the selling corporation. Continental Ins. Co. v. Schneider, Inc., 873 A.2d 1286, 1291, 1286 (Pa. 2005) (citing Hill v. Trailmobile, 603 A.2d 602, 605 (Pa. Super. 1992)).

appointment of a receiver in such circumstances.  What Jordan seeks is a discovery agent, which is not the role of a receiver.

<u>**Conclusion**</u>

Judge Rowley's findings and conclusions do not explicitly deem Jordan a 50 percent member of Bene Market, and Judge Rowley certainly could have included such language if intended.  Jordan commenced this case to apply NBOA's liabilities to Bene Market. He filed the present motion to appoint a receiver, not to be deemed a 50 percent member of Bene Market, the latter of which is part of the ultimate relief sought in the case.  The motion to appoint a receiver should be denied for the reasons previously briefed.

Date:  May 31, 2023

Respectfully submitted,

    /s/ Eric E. Reed
Fox Rothschild LLP
Eric E. Reed, Esquire
Stephanie Ohnona, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000
(215) 299-2150 (facsimile)

*Attorneys for Defendants Bene Market LLC
and Alan Christopher Redmond*

Received County of Berks Prothonotary's Office on 05/31/2023 12:53 PM Prothonotary Docket No. 22-11757

146271535.1

Received County of Berks Prothonotary's Office on 05/31/2023 12:53 PM Prothonotary Docket No. 22-11757

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

JASON SCOTT JORDAN,

                          Plaintiff,                                    CIVIL ACTION No. 22-11757

          v.

BENE MARKET, LLC, ALAN CHRISTOPHER
REDMOND, individually and d/b/a "The Lead
House," and STEPHANIE MILLER,

                          Defendants.

## CERTIFICATE OF SERVICE

I certify that on May 31, 2023, a true and correct copy of the foregoing was filed with the

court using the electronic filing system, which will provide notice and a copy to the below, and a

copy was also sent by email to:

Joel A. Ready, Esquire
Dominic Mayale, Esquire
CORNERSTONE LAW FIRM, LLC
8500 Allentown Pike, Suite 3
Blandon, PA  19510
joel@cornerstonelaw.us
dominic@cornerstonelaw.us
*Counsel for Plaintiff*

                                        **FOX ROTHSCHILD, LLP**

                                          /s/ Eric E. Reed
                                        Eric E. Reed, Esquire
                                        2000 Market Street, 20th Floor
                                        Philadelphia, PA  19103
                                        (215) 299-2000
                                        (215) 299-2150 (facsimile)

                                        *Attorneys for Defendants Bene Market LLC*
                                        *and Alan Christopher Redmond*

Dated:  May 30, 2023

146271535.1