Received County of Berks Prothonotary's Office on 10/23/2023 8:30 AM Prothonotary Docket No. 22-11757

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.: 22-11757<br><br>JURY TRIAL DEMANDED |

## PLAINTIFF'S RENEWED PETITION FOR A TEMPORARY RECEIVER

Plaintiff, Jason Scott Jordan, by and through counsel hereby submits this Renewed Petition for the appointment of a Temporary Receiver under Pa.R.C.P. 1533, and avers the following:

### GROUNDS

1. Petitioner is Jason Scott Jordan ("Petitioner") and Respondent is Bene Market, LLC ("Respondent").

2. Respondent, Bene Market, LLC, is a limited liability company that is wholly owned and controlled by Alan Christopher Redmond ("Redmond").

3. On or about October 28, 2014, Redmond filed a complaint ("the Prior Action") in the Berks County Court of Common Pleas, at docket number 2014-17117.

4. Petitioner filed his Counterclaim to the Prior Action on or about December 11, 2014.

5. Judgment was entered on Petitioner's counterclaim in the aggregate amount of $13,105,197.20, with a Decision authored by Judge Rowley. [See Exhibit A, "Decision and Verdict"].

6. The Trial Court's Order in the Prior Action directed the Prothonotary to enter and index

1

Received County of Berks Prothonotary's Office on 10/23/2023 8:30 AM Prothonotary Docket No. 22-11757

the verdict, making Redmond a judgment debtor to the Petitioner.

7.     Petitioner has not received any payment from Redmond in satisfaction of the judgment.

8.     In an effort to collect upon the aforesaid judgment, Petitioner filed a Complaint docketed to this same term and number, in execution of judgment, setting forth claims against Respondent, Redmond, and Stephanie Miller, for unjust enrichment and piercing the corporate veil.  The factual averments of said complaint are incorporated herein by reference.

9.     In the Prior Action, the Trial Court found that Redmond intentionally and fraudulently "froze" Petitioner out of the corporation that did business as National Brokers of America. It found he fraudulently converted assets and income, to which Petitioner had an ownership interest, from the corporation for his personal use outside the limitation of his powers as a shareholder.

10.    Redmond formed Respondent Bene Market, LLC during the pendency of the Prior Action.

11.    Redmond caused most of the assets and employees and operations of National Brokers of America to be transferred into Bene Market for no valuable consideration. He did so in order to fraudulently avoid liability to Petitioner.  The Trial Court in the Prior Action found Respondent is a mere continuation of National Brokers of America, an "identical business."  [Exhibit A ¶ 70].

12.    Respondent is in the business of selling insurance policies and receives payment from insurance companies for policies sold.

13.    In the Prior Action, Judge Rowley found that Redmond had a history of refusing to cooperate in discovery, including evasive answers concerning his net wealth.

14.    It was further found that Alan Christopher Redmond had misappropriated at least $3,698,627.10 from National Brokers of America and at least $11,797,865.00 from Bene Market, LLC. [Exhibit A ¶¶ 77-78].

15.    Judge Rowley found that Redmond did not produce any general ledger for Bene Market,

Received County of Berks Prothonotary's Office on 10/23/2023 8:30 AM Prothonotary Docket No. 22-11757

LLC but "the tax returns contain indicia that Redmond continues running his personal spending through Bene Market, LLC and characterizing the same as business expenses." [Exhibit A ¶ 79].

16.     Redmond follows a regular pattern of fraud and self-dealing, by overleveraging Respondent so that it appears to have no profits while paying himself an inflated salary and recharacterizing his personal expenses as business expenses, in order to fraudulently avoid liability to Petitioner.

17.     As shown in UCC Filings collectively attached hereto as Exhibit "B", creditors have asserted liens on "[a]ll Assets now owned or hereafter acquired and wherever located," and "[a]ll commissions, payments, premium, monies, or compensation of any kind earned after October 1, 2018, related in any way to the policies or contract by Bene Market LLC and/or Stephanie Miller."

18.     Redmond may convert his salary and other income from Respondent to physical assets that could depreciate or degrade by the time of final disposition in this matter and execution of the judgment.  Such physical assets would be more difficult, costly, and inefficient to execute against than liquid assets.

19.     Redmond may easily conceal the proceeds of his salary, perquisites, and other funds drawn from Respondent.  The fact he holds dual citizenship in the United States and the Republic of Ireland may facilitate this.

20.     Redmond may lose some or all of Respondent's business assets should that business be allowed to fail.

21.     Redmond may encumber Respondent's assets with credit, liens, or other security interests held by third parties, and such may defeat Petitioner's right to enforce the judgment.

22.     Redmond through Respondent is misappropriating the opportunity to do business from Petitioner, who rightfully and lawfully ought to receive the assets to operate a business of his own.

Received County of Berks Prothonotary's Office on 10/23/2023 8:30 AM Prothonotary Docket No. 22-11757

23.     Petitioner does not have an adequate remedy under law.

24.     Petitioner filed its original Petition for a Temporary Receiver on or about February 9, 2023.

25.     Said Petition was granted by Order of Court dated June 7, 2023, a true and correct copy of which is attached hereto as Exhibit "C".

26.     Shortly thereafter, the June 7, 2023 Order of Court was vacated by an Order of Court dated June 16, 2023, a true and correct copy of which is attached hereto as Exhibit "D".

27.     Per the language of the June 16, 2023, Order of Court, this Court noted that the Superior Court would be ruling on the issues raised in the Prior Action, and indicated that "more proof of the alleged dissipation of assets is needed."

28.     Four months have passed since the entry of the June 16, 2023 Order of Court, and there has been no ruling from the Superior Court.

29.     Redmond continues to have the unfettered ability to transfer, consume and otherwise dissipate assets for the sole purpose of frustrating execution by Petitioner.

30.     The June 16, 2023 Order of Court does not leave clear direction as to how the case is to proceed, and Judge Sprecher, who entered the Order, has since retired.

31.     Petitioner therefore contends that the June 16, 2023 Order of Court was improvidently entered and should be vacated.

**<u>ARGUMENT</u>**

32.     Under Civil Rule 1533, the risk of fraud and dissipation of assets during the pendency of a lawsuit are well-recognized grounds for appointing a temporary receiver. <u>Hankin v. Hankin</u>, 493 A.2d 675, 677 (Pa. 1985). Chief Justice Nix described it this way, "A receiver may be appointed upon a showing that such relief is necessary to ensure that the partnership assets will not be dissipated during the pendency of the proceedings." <u>Levin v. Barish</u>, 481 A.2d 1183, 1190 (Pa.

Received County of Berks Prothonotary's Office on 10/23/2023 8:30 AM Prothonotary Docket No. 22-11757

1984) (Nix, *C.J.*, concurring) (citations omitted).

33.   A temporary receiver is necessary to save property from injury or threatened loss or dissipation.

34.   In fact, Judge Sprecher's June 16, 2023 Order of Court noted his "well-founded suspicions" regarding the dissipation of assets in this matter.

35.   As Petitioner does not request appointment without a hearing, Pa. R. Civ. P 1533 does not require a bond.

36.   The receiver should protect the assets and estate held in Respondent from waste.

### CONCLUSION

**WHEREFORE**, Petitioner requests that this Court, after conducting a hearing, appoint a temporary receiver until further order of court; to direct the Receiver cause Bene Market, LLC to fully, fairly, and truthfully cooperate in all discovery requests in this litigation; to direct the Receiver to investigate and prepare a report of any suspicious transactions of Bene Market LLC which may be personal expenses of Alan Christopher Redmond or intended to defraud Plaintiff as judgment creditor of Alan Christopher Redmond; and that the receiver shall prepare an accounting of assets, liabilities, and profits of Respondent; and such other relief as the Court deems necessary, just, or appropriate

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: October 23, 2023           By:   _____

Joel A. Ready, Esquire
I.D. # 321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

5

**Received County of Berks Prothonotary's Office on 10/23/2023 8:30 AM Prothonotary Docket No. 22-11757**

**CORNERSTONE LAW FIRM, LLC**
Joel A. Ready, Esquire
Attorney I.D. #321966
8500 Allentown Pike, Suite 3
Blandon, PA 19510
(610) 926-7875
*Counsel for Plaintiff*

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | COURT OF COMMON PLEAS OF BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.: 22-11757<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I, Craig Storrs, Jr., paralegal for Cornerstone Law Firm, LLC, do hereby certify that on this Monday, October 23, 2023, that I caused a true and correct copy of the foregoing Plaintiff's Renewed Petition for a Temporary Receiver and this Certificate of Service to be served, addressed as follows:

Norman M. Valz, Esq.                    Eric E. Reed, Esq.
Norman M. Valz & Associates, P.C.       Fox Rothschild, LLP
441 Irvington Road                      2000 Market St., 20th Floor
Drexel Hill, PA 19026                   Philadelphia, PA 19103
nvalz@msn.com                           ereed@foxrothschild.com

by electronic mail, as noted, and via the United States Postal Service, first class, postage prepaid.

CORNESTONE LAW FIRM, LLC

Dated: 10/23/2023                    By: _____