**Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757**

Norman M. Valz, Esquire (Pa. No. 61338)           Attorney for Defendants
Norman M. Valz & Associates, P.C.                 Bene Market, LLC and
441 Irvington Road                                Alan C. Redmond
Drexel Hill, PA  19026
(215) 756-2424
nvalz@msn.com

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, and ALAN CHRISTOPHER REDMOND, individually and d/b/a "The Lead House,"<br><br>Defendants. | CIVIL ACTION No. 22-11757 |

## OPPOSITION TO PLAINTIFF'S MOTION FOR RECEIVER

Defendants Bene Market, LLC ("Bene Market") and Alan Christopher Redmond ("Redmond") oppose the motion of Plaintiff, Jason Scott Jordan ("Jordan") for appointment of a receiver for Bene Market. Defendants refer the Court to their accompanying Brief, and address Jordan's specific assertions as follows:

1.      Admitted.

2.      Denied as stated.  Admitted that Redmond holds 96 percent of the issued membership interest of Bene Market.

3.      Admitted.

4.      Admitted.

5.      Admitted that, on December 20, 2021, the Judge Rowley of the Berks County Court of Common Pleas entered a Decision and Verdict in Case No. 14-17117 (the "Prior Action").

6.      Denied as stated.   Redmond appealed said case to Superior Court and Argument was held this past July (no ruling has yet been issued).

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

7.     Admitted that Redmond has not paid any portion of the judgment, which is on appeal.

8.     Admitted that Jordan filed the present case in July 2022, the remaining averments are denied as this case includes individuals and entities not a party to the original 2024 action.

9.     Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

10.    Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

11.    Denied that there was any such asset transfer. Bene Market was formed on May 25, 2016 and National Brokers of America was in Chapter 7 Bankruptcy proceedings more than a year before said Judgment was entered.

12.    Denied as stated.   Defendant Bene Market is not presently marketing insurance policies.

13.    Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes hat the judgment that followed the Decision and Verdict is on appeal.

14.    Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

15.    Denied as stated, as Jordan has characterized and only partially cited the Decision and Verdict.  Redmond refers to the larger Decision and Verdict for the proper context, and notes that the judgment that followed the Decision and Verdict is on appeal.

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

16. Denied.

17. Admitted that Jordan attached and partially cited UCC filings.

18. Denied. Unsupported speculation.

19. Denied. Unsupported speculation.

20. Denied. Unsupported speculation.

21. Denied. Unsupported speculation.

22. Denied.

23. Denied.

24. Denied.

25. Admitted.

26. Admitted.

27. Admitted.   However it should be noted that Plaintiff failed to file a Motion for Reconsideration or Appeal for this decision in a timely manner.

28. Admitted

29. Denied.

30. Denied.

31. Denied.

32. Admitted that Rule 1533 states in part that a temporary receiver may be appointed if required by the exigencies of the case.  However, under the cases cited by Jordan and additional case law, a receiver should not be appointed where it would not do any good, i.e., secure assets or prevent dissipation, or the movant fails to demonstrate an imminent threat of such an outcome. *See Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959).  No imminent threat of dissipation exists here.

33. Denied.

3

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

34.     Denied.   Mischaracterization of Sprecher ruling which is a document that should speak for itself.

35.     Denied.  Rule 1533 does not excuse a bond in the event of a hearing; it merely states that the plaintiff must post a bond if the court appoints a receiver without notice.

36.     Denied.

## CONCLUSION

In addition to the prior request in this case for a receiver, <u>which was denied last June</u> – in 2018, Jordan undertook a nearly identical request to appoint a receiver for NBOA in the related case [NBOA vs. Jason Jordan vs Redmond, Berks Docket No. 2014-17117]—the entity that Jordan claims was continued as Bene Market.  Judge Rowley denied that request in 2018, and the same result is appropriate here.  Jordan's motion lacks any basis in Pennsylvania law in addition to being procedurally flawed and should be DENIED.

Respectfully submitted,

_____
Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758

*Attorney for Defendants Bene Market LLC
and Alan Christopher Redmond*

Dated:  November 7, 2023

4

**Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757**

Norman M. Valz, Esquire (Pa. No. 61338)               Attorney for Defendants
Norman M. Valz & Associates, P.C.                        Bene Market LLC and
441 Irvington Road                                                   Alan C. Redmond
Drexel Hill, PA  19026
(215) 756-2424
nvalz@msn.com

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

**JASON SCOTT JORDAN**,
                                    Plaintiff,

              v.                                                          CIVIL ACTION No. 22-11757

**BENE MARKET, LLC**, and **ALAN
CHRISTOPHER REDMOND**, individually
and d/b/a "The Lead House,"
                                    Defendants.

## BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECEIVER

Defendants Bene Market, LLC ("Bene Market") and Alan Christopher Redmond ("Redmond") oppose the motion of Plaintiff, Jason Scott Jordan ("Jordan") for appointment of a receiver for Bene Market.  Having missed the deadlines for a Motion for Reconsideration or an Appeal of this Court's decision to DENY their request for a receiver, and without arguing or presenting any new developments or circumstances and without having conducted any discovery since denial of the original motion – Plaintiff is simply re-filing its old Motion to request that a receiver be put in place of Bene Market.   Initially, Jordan moved for appointment of a receiver on February 9, 2023 - before even issuing the presently pending discovery to Bene Market. There was a hearing held May 17, 2023 with Judge Sprecher initially granting Plaintiff's Motion for a Receiver (see Exhibit 1) on June 8, 2023 only to vacate said Order and Deny Plaintiff's Motion for a Receiver **Sua** Sponte on June 19, 2023 (**See Exhibit 2).**   Since the June 19, 2023 decision denying the request for a receiver, Jordan has never filed : 1) a Motion for Reconsideration or 2)

**Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757**

an Appeal.    Counsel for Jordan is fully aware that Bene Market ceased writing new policies in 2020 and possesses no business revenue from which to pay a receiver and no ongoing business operations over which to appoint a receiver.  In addition to its legal and procedural deficiencies, Jordan's motion makes no practical sense.

Notwithstanding missing the deadlines for Reconsideration or Appeal, Jordan's motion should be denied because:  (1) Jordan's thin filing fails to demonstrate the "extraordinary circumstances" required to appoint a receiver under applicable law; (2) Jordan lacks standing to seek appointment of a receiver in that he is not and never was a member of Bene Market; (3) he regards the factual basis on which he brings the motion on Judge Rowley's findings in the prior case against National Brokers of America, Inc. ("NBOA"), but that case is on appeal and Judge Rowley's findings have no preclusive effect, and Bene Market was never a party to that case in the first instance; (4) the claims asserted against Bene Market are time-barred in that they relate to alleged conduct that is more than two years old under 42 Pa. C.S.A. § 5524; (5) as an equitable remedy, the appointment of a receiver is subject to the equitable defense of unclean hands, and Jordan's conduct in relation to the underlying facts disqualifies him from equitable relief; and (6) as a practical matter, and as the pending discovery will show, there is no business operation over which to appoint a receiver because Bene Market, while not formally dissolved, stopped writing new business in 2020.

Under Pennsylvania law, the appointment of a receiver is an extraordinary remedy that should be used only in very limited circumstances:

> The power to appoint a receiver is a delicate one, which is jealously safeguarded, and reluctantly exercised, by the courts.  The power should be exercised sparingly, with caution and circumspection, and only in an extreme case under extraordinary circumstances, or under such circumstances as demand or require summary relief.

*See Hankin v. Hankin*, 493 A.2d 675, 677 (Pa. 1985) (citing *Tate v. Philadelphia Transp. Co.*, 190 A.2d 316, 321 (1963)). A "receiver will not be appointed unless it appears that the appointment is necessary to save the property from injury or threatened loss or dissipation." *Northampton National Bank of Easton v. Piscanio*, 379 A.2d 870, 872 (Pa. 1977) (quoting *Credit Alliance Corporation v. Philadelphia Minit-Man Car Wash Corp.*, 301 A.2d 816, 818-19 (Pa. 1973)).

There is nothing "which affects a corporation with such serious consequences as does the appointment of a receiver; it is a severe . . . remedy, and the conditions that call it into action should be such as would, if persisted in, ordinarily be fatal to corporate life. The appointment is a distress signal and is immediately followed by a lowering of financial credit and a general readjustment." *See Northampton National Bank of Easton v. Piscanio*, 379 A.2d at 873 (citing *McDougall v. Huntingdon & Broad Top Mountain Railroad & Coal Co.*, 143 A. 547, 578 (1928). "In view of the serious consequences following the appointment of a receiver, a court must be absolutely certain that it is necessary to protect the interests of the creditors." *Id.* (emphasis added). A court should not appoint a receiver "where there is well-founded suspicion it would be followed by serious injustice or injury to the rights of all parties interested." *Waddell v. Shriber*, 348 A.2d 96, 103 (Pa. 1975) (citation omitted). Further, a court should not appoint a receiver where doing so will "work irreparable injury to the rights and interests of others and greater injury will probably result from the appointment." *Id.*

Here, Jordan makes no effort to demonstrate the "extraordinary circumstances" under which a receiver can be appointed under Pennsylvania law. Instead, Jordan relies exclusively on the findings of now-retired Judge Rowley following a highly problematic two-day bench trial that is the subject of a pending appeal before the Superior Court. But those findings have no preclusive effect because there is no final judgment given the pending appeal, and the ability to fully and

3

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

fairly litigate the prior action is a core issue of the appeal. *See Callaghan v. Workers' Compensation Appeal Board (City of Philadelphia)*, 750 A.2d 408, 412 (Pa. Cmwlth. 2000) (issue preclusion or collateral estoppel requires, among other things, a final judgment on the merits and a full and fair opportunity to litigate in the prior action).

Jordan's two case citations in support of his motion (including a concurring opinion) stand for the proposition that an imminent threat of dissipation of assets is a valid consideration for appointment of a receiver. *See Hankin v. Hankin*, 493 A.2d 675 (Pa. 1985) and *Levin v. Barish*, 481 A.2d 1183 (Pa. 1984) (concurring opinion). On that point, a receiver should not be appointed where it would not do any good, i.e., secure assets or prevent dissipation, or the movant fails to demonstrate an imminent threat of such an outcome. *See Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823, 826 (3d Cir. 1959) ("common law rule is clear that where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate, the appointment of a receiver should not be granted"); *U.S. Bank N.A. v. Brookside St. Ives, LLC*, No. 12-05519, 2012 WL 12897101, * 2 (E.D. Pa. Dec. 11, 2012) (concluding that there was no evidence of "imminent danger" sufficient to justify the appointment of a receiver).

As a practical matter, it makes no sense to appoint a receiver in this case. As Jordan would have learned if he had issued discovery before filing for a receiver, Bene Market essentially stopped writing new business in 2020. Although it is not technically dissolved it does not generate assets to protect in the first place. Under such circumstances, a receiver would serve no purpose. In addition, receivers are paid for their services from the entity for which they serve as receiver, but again there is no ongoing business revenue generated by Bene Market from which to pay a receiver.

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

Jordan also lacks standing to seek a receiver for Bene Market.  He is not and never was a member of Bene Market, has no agreement with Bene Market whereby Bene Market owes him anything, and has no judgment against Bene Market.  Jordan alleges that Bene Market is an alter ego of NBOA, but must prove that claim to be entitled to any relief against Bene Market.

Further to the point of Jordan lacking a judgment against Bene Market, the allegations giving rise to the judgment against NBOA and Redmond in the prior case pertained to transactions and occurrences in 2014, i.e., the alleged freezeout of Jordan from NBOA.  Judge Rowley's findings in the prior case included alleged misappropriation from Bene Market through 2020, but again there is no judgment against Bene Market, and Bene Market was not a party to the prior case. In addition, Jordan commenced this case on July 28, 2022, which implicates the two-year statute of limitations under 42 Pa. C.S.A. § 5524.

As an equitable remedy, the appointment of a receiver is subject to equitable defenses. Under Pennsylvania law, "[t]he doctrine of unclean hands requires that one seeking equity act fairly and without fraud or deceit as to the controversy at issue."  *Morgan v. Morgan*, 193 A.3d 999, 1005 (Pa. Super. 2018).  "A court may deprive a [plaintiff] of equitable relief where, to the detriment of the other party, the party applying for such relief is guilty of bad conduct relating to the matter at issue."  *County of Luzerne v. Luzerne County Retirement Board*, 882 A.2d 531, 536 (Pa. Commw. 2005) (citing *Terraciano v. Dept. of Transp. Bureau of Driver Licensing*, 753 A.2d 233, 238 (Pa. 2000)).

Jordan comes before this Court with unclean hands.  As addressed in the prior action, Jordan secured employment by and ownership in NBOA by misrepresenting that he was licensed to sell insurance in Pennsylvania and elsewhere, and that he had sufficient education and experience to do so, that he had no criminal record, and that he had the professional capability to

5

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

serve as sales manager for NBOA. None of that proved accurate, as Jordan was unlicensed and had a significant criminal record and was thus ineligible for licensure under 31 Pa. Code § 37.46. The Pennsylvania Department of Insurance investigated NBOA related to Jordan's sale of insurance policies without a license, and NBOA incurred hundreds of thousands of dollars in legal fees in responding to that investigation.

On October 28, 2014, Redmond, derivatively on behalf of NBOA, initiated the prior action by summons and a request for emergency injunction to bar Jordan from the business premises. As described in the subsequent Complaint, the injunction followed a course of harassing and abusive behavior by Jordan towards NBOA employees prior to his termination, and additional troubling conduct thereafter. This led to the hiring of a security guard, and the Court issued an injunction precluding Jordan from the business premises. Because Jordan has unclean hands, this Court should deny outright any request for equitable relief. *See PNC Bank v. Kerr*, 802 A.2d 634, 642 (Pa. Super. 2002) (denying equitable relief based on doctrine of unclean hands where party violated terms of agreements).

Finally, it bears noting that, in addition to the prior request in this case for a receiver, which was denied last June – in 2018, Jordan undertook a nearly identical request to appoint a receiver for NBOA in the related case [NBOA vs. Jason Jordan vs Redmond, Berks Docket No. 2014-17117]—the entity that Jordan claims was continued as Bene Market. Judge Rowley denied that request in 2018, and the same result is appropriate here. Jordan's motion lacks any basis in Pennsylvania law in addition to being procedurally flawed and should be rejected.

[Intentionally Blank]

Respectfully submitted,

_____

Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758
*Attorney for Defendants Bene Market LLC
and Alan Christopher Redmond*

Dated:  November 8, 2023

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

7

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

# EXHIBIT 1

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757
Received County of Berks Prothonotary's Office on 02/09/2023 5:43 PM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 06/08/2023 8:55 AM Docket No. 22-11757

| | |
|---|---|
| JASON SCOTT JORDAN,<br><br>Plaintiff,<br><br>v.<br><br>BENE MARKET, LLC, et al.,<br>Defendants. | COURT OF COMMON PLEAS OF<br>BERKS COUNTY, PENNSYLVANIA<br><br>CIVIL-ACTION<br><br>Docket No.: 22-11757<br><br>JURY TRIAL DEMANDED |

## ORDER

AND NOW, this ___7___ day of the month of ___June___, 2023, upon

consideration of Plaintiff's Petition for Appointment of a Temporary Receiver, and any response

thereto, and after affording the parties the opportunity to be heard, such Petition is hereby

GRANTED as follows:

(1)   ___To be completed soon___ is appointed Temporary Receiver for Bene Market,
LLC (the "Receiver") during the pendency of this litigation and not for the purpose of liquidation.

(2)   The Receiver is authorized to continue, manage, and operate the business of Bene Market,
LLC, until further order of this court, with full authority to carry on, manage and operate the
business as may be deemed advisable by the Receiver.

(3)   The Receiver is authorized to receive and collect any and all sums of money due or owing
to Bene Market, LLC in any manner whatsoever, whether the same are now due or shall hereafter
become due and payable; and that the Receiver is authorized to do such things and enter into such
agreements in connection with the management, care, and preservation of the properties of Bene
Market, LLC as Receiver may deem advisable, and is authorized to incur such expenses and make
such disbursements as may in the Receiver's judgment be advisable or necessary in connection
with the care, preservation, and maintenance of the said properties.

(4)   Alan Christopher Redmond and any persons acting under his direction are enjoined from
in any way disturbing the actions of the Receiver.

(5)   The Receiver's fees shall be paid by Bene Market, LLC, subject to any subsequent court
order concerning the obligation of one or more of the parties.

(6)   The Receiver is authorized, in the Receiver's discretion, to employ such managers, agents,
employees, servants, accountants, valuation consultants, appraisers and attorneys as may be
advisable or necessary in the management, conduct, control, or custody of the affairs of Bene
Market, LLC, and its assets and business. Bene Market, LLC shall be responsible for payment of

1

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757
Received County of Berks Prothonotary's Office on 02/09/2023 5:43 PM Prothonotary Docket No. 22-11757

all such amounts to such persons and Receiver is authorized to require Bene Market, LLC to make such payments and disbursements to all such persons.

(7)    The Receiver is directed to give notice to Plaintiff and Defendants of actions the Receiver takes on behalf of and in operation of the business entities.

(8)    The Receiver and his employees are entitled to rely on all orders of this Court and all outstanding rules of law and shall not be liable to any person for the Receiver's good faith compliance with any order, rule, law, judgment or decree. In no event will the Receiver be liable to anyone for good faith compliance with the Receiver's duties and responsibilities, nor will the Receiver or the Receiver's employees or advisors be liable to anyone for any actions taken or omitted by them except upon a finding by this Court that they acted or failed to act as a result of malfeasance, bad faith, gross negligence, or reckless disregard of their duties.

(9)    Except for the instant case, the Receiver is authorized to institute, prosecute, and defend, compromise, adjust, intervene in, or become party to, such actions or proceedings in the State and federal courts as may in the Receiver's judgment be necessary or proper for the protection, maintenance, and preservation of the assets of Bene Market, LLC or the carrying out of the terms of this order, and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receiver or against Bene Market, LLC and also to appear in and conduct the defense of any suit or adjust or compromise any actions or proceedings now pending in any court by or against Bene Market, LLC where such prosecution, defense, or other disposition of such actions or proceedings will, in the judgment of the Receiver, be advisable or proper for the protection of the properties of Bene Market, LLC.

(10)   The Receiver will not permit Bene Market, LLC to incur any additional debt without the Receiver's express, written authorization.

**IT IS FURTHER ORDERED** that the Receiver must cause Bene Market, LLC to fully, fairly, and truthfully cooperate in all discovery requests in this litigation.

**IT IS FURTHER ORDERED** that the Receiver investigate any suspicious transactions where Bene Market, LLC did not receive a reasonably equivalent value in exchange for the transfer or obligation, and whether any expenses are actually personal expenses of Alan Christopher Redmond.

**IT IS FURTHER ORDERED** that the Receiver investigate, and within 90 days prepare a report for this Court and counsel for the parties, on all indebtedness of Bene Market, LLC,

Received County of Berks Prothonotary's Office on 06/08/2023 8:55 AM Docket No. 22-11757

2

including whether any of its creditors are insiders and if the transactions are intended to defraud

Jason Jordan as a judgment creditor of Alan Christopher Redmond.

BY THE COURT:

By: _____

Hon. Jeffrey K. Sprecher, J.

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757
Received County of Berks Prothonotary's Office on 02/09/2023 5:43 PM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 06/08/2023 8:55 AM Docket No. 22-11757

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

# EXHIBIT 2

JASON SCOTT JORDAN,
    Plaintiff

    VS.

BENE MARKET, LLC, et al.,
    Defendants

: IN THE COURT OF COMMON PLEAS
: OF BERKS COUNTY, PENNSYLVANIA
:
: CIVIL ACTION - LAW
:
:
:
: No. 22-11757

## ORDER

AND NOW, this 16th day of June, 2023, it is hereby ORDERED that this court's Order of June 7, 2023, appointing a receiver is vacated. Said Order may have been premature. On reconsideration *sua sponte*, this court concludes that a forensic accountant is necessary to determine the full extent of the alleged liquidation/transfer of assets by Alan Christopher Redmond directly or indirectly through persons under his direction or control. This action is further merited by the facts that:

1)  The undersigned is retiring.

2)  The Superior Court will soon be deciding the issues on appeal in this matter.

3)  Despite this court's well-founded suspicions, more proof of the alleged dissipation of said assets is needed.

BY THE COURT:

JEFFREY K. SPRECHER, J.

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 06/19/2023 9:09 AM Docket No. 22-11757

**VERIFICATION**

I,  Norman M. Valz, attorney for Defendants verify the veracity of the statements and information given in the attached pleading and state that I possess sufficient knowledge or information and belief, based upon his investigation of the matters averred or denied in the foregoing document; and that this statement is made subject to the penalties of 18 Pa.C.S. 4904, relating to unsworn falsification to authorities.

DATED:  November 9, 2023                     Norman M. Valz

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

IN THE COURT OF COMMON PLEAS
BERKS COUNTY, PENNSYLVANIA

| | |
|---|---|
| JASON SCOTT JORDAN, | |
| Plaintiff, | CIVIL ACTION No. 22-11757 |
| v. | |
| BENE MARKET, LLC, ALAN CHRISTOPHER REDMOND, individually and d/b/a "The Lead House," and STEPHANIE MILLER, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

I certify that on November 9, 2023, a true and correct copy of the foregoing Answer and

New Matter was filed with the court using the electronic filing system, which will provide notice

and a copy to the below, and a copy was also sent by email:

Joel A. Ready, Esquire
CORNERSTONE LAW FIRM, LLC
8500 Allentown Pike, Suite 3
Blandon, PA  19510
*Counsel for Plaintiff*

Respectfully submitted,

_____
Norman M. Valz, Esquire
Norman M. Valz & Associates, P.C.
441 Irvington Road
Drexel Hill, PA  19026
Tel. 215.756.2424
Fax 215.827.5758

*Attorney for Defendants Bene Market LLC
and Alan Christopher Redmond*

Dated:  November 9, 2023

Received County of Berks Prothonotary's Office on 11/09/2023 10:07 AM Prothonotary Docket No. 22-11757

**IN THE COURT OF COMMON PLEAS**
**BERKS COUNTY, PENNSYLVANIA**

| | |
|---|---|
| **JASON SCOTT JORDAN**, Plaintiff, <br><br> v. <br><br> **BENE MARKET, LLC**, and **ALAN CHRISTOPHER REDMOND**, individually and d/b/a "The Lead House," Defendants. | CIVIL ACTION No. 22-11757 |

**ORDER**

AND NOW ON THIS          DAY of _____202_,   Upon consideration

of Plaintiff's "Renewed" Petition for a Receiver, and Defendants' response in opposition thereof,

it is hereby ruled and decreed that said Motion is DENIED in its entirety with prejudice.

BY THE COURT:

_____
Hon. James E. Gavin, Judge