**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **IN RE:** | : |
| | : **CHAPTER 11** |
| **ALAN CHRISTOPHER REDMOND,** | : |
| | : **BANKRUPTCY NO. 24-13093pmm** |
| **Debtor.** | : |
| | : |

**ALAN CHRISTOPHER REDMOND'S STATEMENT PURSUANT TO FED. R. BANKR.
P. 9027(e)(3) IN RESPONSE TO JASON SCOTT JORDAN'S NOTICE OF REMOVAL**

Alan Christopher Redmond, the debtor and debtor-in-possession (the "Debtor"), by and through his undersigned counsel, hereby submits this statement (the "Statement") pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3) in response to Jason Scott Jordan's notice of Removal (the "Notice").

**Statement in Response**

1.      Jason Scott Jordan ("Jordan") filed the Notice on December 6, 2024 purportedly pursuant to 28 U.S.C. §1452. The Notice, however, fails to include any of the information required by Federal Rule of Bankruptcy Procedure 9027(a). Accordingly, the Debtor is unable to ascertain the facts pursuant to which Jordan believes that removal is appropriate.

2.      The Debtor denies that any grounds whatsoever exist to justify removal of the Berks County case captioned *Jason Scott Jordan v. Bene Market, LLC, Stephanie Miller and Alan Redmond*, C.A. No 22-11757 (the "Berks County Litigation") to this Court.

3.      The causes of action in the Berks County Litigation are wholly state law causes of action and are non-core with respect to the Debtor' s bankruptcy case. Moreover, the Berk's County Litigation is not attempting to liquidate Jordan's claim against the Debtor.

1

4.      Prior to Jordan, with others, filing the involuntary bankruptcy petition, the Berks County Litigation had been proceeding for over two (2) years.  Moreover, the Berks County Litigation is only stayed as to the Debtor.

5.      While this Court is more than capable of resolving the causes of action alleged in the Berks County Litigation, under the facts and circumstances of this case, it would be inappropriate for the Court to do so.  The Notice is nothing more than Jordan's blatant attempt to harass the Debtor after Jordan was the one that filed the bankruptcy and stayed the Berks County Litigation.  Accordingly, the Debtor intends to seek remand of the Berks County Litigation and abstention pursuant to 28 U.S.C. §1334(c)(2) and does not consent to this Court entering final orders or judgments with respect to the merits of the Berks County Litigation.  Moreover, as a result of the wrongful removal of the Berks County Litigation and violation of Federal Rule of Bankruptcy Procedure 9011(b)(1), the Debtor intends to seek an award of costs and expenses incurred in connection with the Notice pursuant to Federal Rule of Bankruptcy Procedure 9011 (c).

6.      The Debtor asserts that grounds exist under 28 U.S.C. §1334(c)(1) for this Court to abstain *sua sponte* in the interest of justice as well as comity with the Court of Common Pleas and requests that this Court conclude that such action is appropriate in this case.

7.      Notice of the Statement has been given to Office of the United States Trustee, Counsel for Jordan, and all other parties to the Berks County Litigation.

WHEREFORE, the Debtor respectfully submits this Statement pursuant to Federal Rule of Bankruptcy Procedure 9027(e)(3).

**CIARDI CIARDI & ASTIN**

Dated: December 19, 2024                    By:    */s/ Nicole Nigrelli*
                                                    Albert A. Ciardi, Esquire
                                                    Nicole M. Nigrelli, Esquire
                                                    1905 Spruce Street
                                                    Philadelphia, PA 19103
                                                    T(215) 557-3550
                                                    aciardi@ciardilaw.com
                                                    nnigrelli@ciardilaw.com
                                                    Attorneys for the Debtor