**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 11 |
| ALAN CHRISTOPHER REDMOND, | : |
| | : BANKRUPTCY NO. 24-13093 pmm |
| Debtor. | : |
| | : |
| JASON SCOTT JORDAN, | : |
| | : |
| Plaintiff, | : ADV. PRO. NO. 24-0144 pmm |
| v. | : |
| | : |
| ALAN CHRISTOPHER REDMOND, et. al., | : |
| | : |
| Defendants. | : |

**ALAN CHRISTOPHER REDMOND'S MOTION FOR REMAND AND ABSTENTION
PURSUANT TO 28 U.S.C. §§1334 (c), 1447(c) AND 1452(b) AND FEDERAL
RULE OF BANKRUPTCY PROCEDURE 9027**

Alan Christopher Redmond, the debtor and debtor-in-possession (the "Debtor"), by and through his undersigned counsel, hereby moves for remand and abstention (the "Remand Motion") pursuant to 28 U.S.C. §§ 1334(c), 1447(c) and 1452 (b) and Federal Rule of Bankruptcy Procedure 9027 and respectfully requests that the Court grant to him all costs and attorneys' fees incurred as a result of Jason Scott Jordan's improper removal of the litigation captioned *Jason Scott Jordan v. Bene Market, LLC, Stephanie Miller and Alan Redmond*, C.A. No 22-11757 (the "Berks County Litigation") to this Court, and respectfully avers as follows:

**BACKGROUND**

1.      On September 3, 2024, Jason Scott Jordan ("Jordan"), Cornerstone Law Group, LLC and Ethan Shalter (the "Petitioning Creditors") filed an involuntary petition against Alan Christopher Redmond (the "Debtor").

1

2.      On October 3, 2024 (the "Petition Date"), an order for relief was entered under chapter 11 of title 11 of the United States Code, as amended (the "Bankruptcy Code"). The Debtor remains in possession of his property and continues to operate his business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      Two years prior to the Petition Date on July 28, 2022, Jason Scott Jordan ("Jordan") filed a civil complaint in the Court of Common Pleas in Berks County against Bene Market, LLC, Stephanie Miller, and the Debtor (the "Berks County Litigation").

4.      The Berks County Litigation asserts two causes of action- Count One for unjust enrichment against all the defendants including the Debtor and Count Two-piercing the corporate veil against Bene Market, LLC. The Berks County Litigation does not seek to liquidate Jordan's claim against the Debtor, but rather seeks the ability to collect on his judgment.

5.      On December 6, 2024, Jordan filed a notice of removal thereby removing the Berks County Litigation to this Court.

6.      On December 19, 2024, the Debtor filed his Statement pursuant to Federal Rule of Civil Procedure 9027(e)(3).

## THE BASIS FOR RELIEF AND THE REASONS THEREFOR

7.      28 U.S.C. §1447(c) provides, in pertinent part, as follows:

(c) A motion to remand the case on the basis of any defect . . . must be made within 30 days after the filing of the notice of removal under section 1446(a). . .An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

28 U.S.C. §1447(c).

8.      Moreover, 28 U.S.C. § 1334 (c) allows a District Court to abstain from hearing "a particular proceeding arising under title 11 or arising in or related to a case under title 11" in the interest of justice or in the interest of comity with State Courts. 28 U.S.C. §1334(c).

2

9.      Courts have also been granted broad authority to determine if remand is warranted under 28 U.S.C. §1452(b).  28 U.S.C. §1452(b) provides, in pertinent part, as follows:

> (b) The Court to which such claim or cause of action is removed may remand such claim or cause of action *on any equitable ground.*

28 U.S.C. §1452(b) (emphasis added).

10.     In determining whether an equitable ground for remand exists, many courts have utilized a seven-part test. *In re Grace Community, Inc.*, 262 B.R. 625, 629 (Bankr. E.D. Pa. 2001). "The seven factors relied upon by courts to determine if the equities weigh in favor of remand are: (1) the effect on the efficient administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty or unsettled nature of applicable state law; (4) comity; (5) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case; (6) the existence of the right to a jury trial; (7) prejudice to the involuntarily removed defendants." *Id.* at n.6. *citing In re RBGSC Investment Corp.,* 253 B.R. 369, 381–82 (E.D.Pa.2000); *In re Raymark Industries, Inc.,* 238 B.R. 295, 299 (Bankr.E.D.Pa.1999).

11.     Bankruptcy Courts in the Eastern District of Pennsylvania have also acknowledged that remand is appropriate if grounds for abstention exist under section 1334(c).  *In re Grace Community, Inc.,* 262 B.R. at 629 *citing In re Warren*, 125 B.R. 128, 130–31 (E.D.Pa.1991); *In re Pacor, Inc.,* 72 B.R. 927, 931–32 (Bankr.E.D.Pa.1987), *aff'd,* 86 B.R. 808 (E.D.Pa.1987), appeal dismissed by 1988 WL 235479 (3d Cir.1988).

12.     In order for a Court to determine whether mandatory abstention exists, six factors must exist. *In re Grace Community, Inc.,* 262 B.R. at 630.  The six requirements necessary are "(1) a timely motion is made; (2) the proceeding is based upon a state law claim or state law cause of action; (3) the proceeding is related to a case under title 11; (4) the proceeding does not arise

3

under title 11; (5) the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334; and (6) an action is commenced, and can be timely adjudicated, in a state forum of appropriate jurisdiction. *Id. citing RBGSC Investment,* 253 B.R. at 381; *In re Rarick,* 132 B.R. 47, 50 (D.Colo.1991); *Warren,* 125 B.R. at 131; *In re Futura Industries, Inc.,* 69 B.R. 831, 834 (Bankr.E.D.Pa.1987).

13.     In this case, all six requirements for mandatory abstention are met. First, the Debtor has brought a timely motion. As required by 28 U.S.C. § 1447(c), the motion must be brought within 30 days after the filing of the notice of removal. Jordan filed the notice of removal on December 6, 2024. Therefore, any motion for remand needed to be filed on or before January 6, 2025 which was done. The second requirement is that the proceeding is based on a state claim or cause of action. Here, the Berks County Litigation asserts two causes of action- Unjust enrichment and piercing the corporate veil, both of which are state causes of action. The third and fourth requirements are also satisfied as the proceeding is merely related to the Debtor's case, but does not arise title 11. Despite Jordan's allegation that the proceeding to be removed is a core proceeding, it is not. The Berks County Litigation asserts two causes of action, both of which are state causes of action. Moreover, the proceeding could not have been commenced in federal court absent jurisdiction under 28 U.S.C. §1334 as required by the fifth requirement. Lastly, the Berks County Action has been pending in state court for over two years and can be adjudicated in that forum as set forth in the sixth requirement.

14.     Thus, all of the requirements for mandatory abstention are met. Because all of the factors for mandatory abstention are satisfied in this case, the Debtor does not believe it is necessary to discuss the seven-part test to determine if an equitable ground for remand exists. The Debtor, however, avers that for many of the same reasons discussed in the mandatory abstention

4

analysis, remand would also be appropriate under the seven factors looked at to determine if an equitable ground for remand exists. All the factors utilized to determine if an equitable remand exists weigh in favor of remand, except factor 3.[1]

15. Put simply, this case compels remand. Jordan, the Plaintiff in the Berks County Litigation, chose State Court to file this litigation. At the time he commenced the Berks County Litigation, he demanded a jury trial. Now, two years after commencing the Berks County Litigation and filing the involuntary bankruptcy against the Debtor, Jordan wants to remove the action to Bankruptcy Court where the defendants have not consented to the entry of final orders or judgment by the bankruptcy court. Furthermore, this Court does not have personal jurisdiction over the two non-debtor defendants.

16. For the reasons set forth above, the Debtor respectfully requests that this Court remand the Berks County Litigation to the Berks County Court of Common Pleas. The Debtor also respectfully requests that this Court order Jordan to reimburse the Debtor for the costs, expenses and fees it has incurred in opposing Jordan's notice of removal.

WHEREFORE, the Debtor respectfully requests that this Court remand the Berks County Litigation to the Berks County Court of Common Pleas and that this Court order Jordan to

---

[1] Factor 3 is "the difficulty or unsettled nature of applicable state law." This factor is neutral.

5

reimburse the Debtor for the costs, expenses and fees it has incurred in opposing Jordan's notice of removal.

**CIARDI CIARDI & ASTIN**

Dated: December 20, 2024

By: /s/ Nicole M. Nigrelli
Albert A. Ciardi, Esquire
Nicole M. Nigrelli, Esquire
1905 Spruce Street
Philadelphia, PA 19103
T(215) 557-3550
aciardi@ciardilaw.com
nnigrelli@ciardilaw.com
Attorneys for the Debtor