**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE: ALAN CHRISTOPHER REDMOND, Debtor | Case No. 24-13093-PMM |
| JASON SCOTT JORDAN, Plaintiff, | Involuntary Chapter 11 |
| v. | |
| ALAN CHRISTOPHER REDMOND, Defendant. | Adv. Proc. No. 24-00144-PMM |

**JASON SCOTT JORDAN'S RESPONSE IN OPPOSITION TO DEBTOR AND BENE MARKET, LLC'S MOTION FOR REMAND AND ABSTENTION**

NOW COMES Plaintiff, Jason Scott Jordan, by and through counsel, who files this response in opposition to the Motion for Remand and Abstention by the Debtor [ECF No. 60], which appears to have been joined by Bene Market, LLC, and submits the following:

**FACTS**

Debtor noticed this Motion for the Court's scheduled hearing on February 11, 2025, and stated the deadline to respond is January 19, 2025. [ECF No. 61 ¶ 2]. Plaintiff has justifiably relied on this submission.

Debtor doesn't provide any particularized facts in support of his request to remand.

As shown in the Complaint, "Plaintiff, Jason Scott Jordan, is an adult individual and resident of Florida." [ECF No. 6 ¶ 1]. Debtor and Stephanie Miller are residents of Pennsylvania. [Id. ¶¶ 3-4].

Under Fed. R. Evid. 201, the Court may judicially notice that Bene Market, LLC is a Delaware limited liability company with a registered office with the Pennsylvania Department of State at 4 South 4th Street, Reading, PA 19605. [File No. 6052234, Delaware Department of State; File No. 6939560, Pennsylvania Department of State]. The Court may judicially notice that Debtor,

1

Bene Market, LLC, and Stephanie Miller are parties in the U.S. District Court for the Eastern District of Pennsylvania, in U.S. Department of Labor v. Bene Market et al., C.A. No. 5:20-CV-04265-JLS.

## ARGUMENT

This is a boilerplate motion, unsupported by pertinent facts, where Debtor resorted to "spaghetti on the wall litigation tactics." In re Nomination of Scroggin, 237 A.3d 1006, 1016 (Pa. 2020). The Court should summarily dismiss it. The interests of justice are furthered by this Court hearing and deciding this Removed Action.

## I.      Mandatory Abstention is Not Shown Here.

Among the six factors for mandatory abstention, the Debtor had to show, "the action could not have been commenced in a federal court absent jurisdiction under 28 U.S.C. § 1334," among other things. Grace Community v. KPMG Peat Marwick, LLP (In re Grace Community, Inc.), 262 B.R. 625, 630 (Bankr. E.D. Pa. 2001). Debtor runs roughshod over the facts: Jason Scott Jordan is a citizen and resident of the State of Florida. Stephanie Miller was dismissed from this case, but is otherwise a citizen of Pennsylvania. Debtor is a citizen of Pennsylvania. And Bene Market, LLC is a Delaware limited liability company that is headquartered in Pennsylvania. Consequently, Jordan's claims could have been brought in the U.S. District Court for the Eastern District of Pennsylvania as federal diversity jurisdiction involving a suit between citizens of different States. 28 U.S.C. § 1332(a).

In the Civil Complaint for this Removed Action, Jordan seeks restitutionary damages, the appointment of a receiver, and declaratory relief for veil-piercing. [ECF No. 6, Wherefore Clauses at 6, 8]. In diversity actions seeking declaratory or equitable relief, "the amount in controversy is measured by the value of the object of the litigation." Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347 (1977). Here, Jordan sought declaratory relief that he was 50% owner

2

of the assets of Bene Market, LLC and to pierce the veil and regard Bene Market, LLC as the alter ego of Debtor. Bene Market, LLC was an income-producing asset that allowed Debtor to take $733,963 in 2016, $2,842,276 in 2017, $1,294,182 in 2018, $3,125,623 in 2019, and $3,801,821 in 2020. [ECF No. ¶ 32]. Consequently, the object of the litigation exceeded $75,000.00. 28 U.S.C. § 1332(a).

Additionally, for purposes of mandatory abstention, Debtor has failed to show how the Berks County Court of Common Pleas is a timelier forum than this Court and whether "the proceeding does not arise under title 11." *In re* Grace Community, Inc., 262 B.R. at 630. It's well settled that "core proceedings" arise under Chapter 11, including the "allowance or disallowance of claims against the estate or exemptions from property of the estate," 28 U.S.C. § 157(b)(2). Here, Jordan seeks to vindicate a declaratory judgment that half of the assets of Bene Market, LLC, and which Debtor transferred to himself, his wife, or an entity controlled by either of them, from Bene Market, LLC, are in fact Jordan's property. That would support a constructive trust claim for turnover of property. 11 U.S.C. § 541(d); Claybrook v. Consol. Foods, Inc. (*In re* Bake-Line Group, LLC), 359 B.R. 566, 571-72 (Bankr. D. Del. 2007) ("The Third Circuit has held that this section serves to exclude from the debtor's bankruptcy estate any of the debtor's property held in constructive trust for another party at the time of a bankruptcy filing." (citing Official Comm. of Unsecured Creditors of Columbia Gas Transmission Corp. v. Columbia Gas Sys. (*In re* Columbia Gas Sys., Inc.), 997 F.2d 1039, 1059 (3d Cir. 1993)).

Whether this is a core proceeding, the Debtor offers a conclusory statement, "it is not." [ECF No. 60 ¶ 13]. The Court may regard this as waiver by reason of inadequate briefing because it is well-settled that factually unsupported, legally undeveloped or non-responsive arguments result in waiver. United States v. Hird, 913 F.3d 332, 355 n.33 (3d Cir. 2019) (without "a factual

3

basis for such a challenge, we regard the issue to be waived."); Griswold v. Coventry First, LLC, 762 F.3d 264, 272 n.6 (3d Cir. 2014) ("undeveloped argument is insufficient"); Eulo v. Deval Aerodynamics, Inc., 430 F.2d 325, 326 n.5 (3d Cir. 1970) (waiver where nothing "more than a cursory argument" is offered); Wilson v. Cameron, 2015 U.S. Dist. LEXIS 119637, at *10 (E.D. Pa. Sept. 9, 2015) (party's objection was "non-responsive").

## II.     Equitable Abstention is Not Shown Here.

Debtor offers no detailed analysis of the seven factors for equitable abstention in Grace Community v. KPMG Peat Marwick, LLP (*In re* Grace Community, Inc.), 262 B.R. 625, 629 n.7 (Bankr. E.D. Pa. 2001). This action favors the efficient administration of the bankruptcy estate because it is related to whether Debtor took property that wasn't his and is subject to turnover on the same authorities cited in Part I. Additionally, Jordan filed a separate adversary proceeding at Case No. 24-00145-PMM to determine the nondischargeability of his claims against Debtor, including Count 2 relative to all consequential gains as a result of Debtor's misappropriation of property that belonged to Jordan. [Case No. 24-00145-PMM, ECF No. 1, Compl. ¶¶ 10-12]. That is addressed to the same cause of action for unjust enrichment in this Removed Action.

Debtor asserts there is no personal jurisdiction over the other parties. Stephanie Miller was dismissed from this case by stipulation of the parties. [ECF No. 23]. Bene Market, LLC is headquartered in Pennsylvania, specifically, in this district. In this case, Bene Market, LLC did not object to personal jurisdiction in the Berks County Court of Common Pleas, whether by way of preliminary objections or New Matter. [ECF No. 8 (preliminary objections); ECF No. 24, New Matter ¶¶ 1-15, at 7-8]. Therefore, lack of personal jurisdiction is waived. Fed. R. Civ. P. 12(h)(1). Even if that were not so, this Court has a nationwide personal jurisdiction under Fed. R. Bankr. P. 7004(f). Debtor offers no analysis why Bene Market, LLC does not have minimum contacts with this district and cannot do so as that would involve perjury. Bene Market, LLC was an insurance

4

brokerage that operated a call center in Berks County and, together with Debtor and Stephanie Miller, is a party in the U.S. District Court for the Eastern District of Pennsylvania, in U.S. Department of Labor v. Bene Market et al., C.A. No. 5:20-CV-04265-JLS. In that case, the court entered summary judgment on March 19, 2024 against Bene Market, LLC, Debtor, and Stephanie Miller for violations of the federal Fair Labor Standards Act relative to overtime pay, minimum wage, and recordkeeping requirements. Debtor's assertion that personal jurisdiction is lacking is patently frivolous.

It is true that Jordan's Civil Complaint in this Removed Action has a *pro forma* demand for a jury trial, but in their Answer, the Debtor and Bene Market, LLC did not demand any jury trial. [ECF No. 24]. Moreover, if we assume Debtor was entitled to rely on Jordan's jury trial demand, Debtor cites no authority whether Pennsylvania law recognizes a jury trial right as to his unjust enrichment and veil-piercing claims. Are these causes of action sounding at law or in equity? See Schneck v. K.E. David, Ltd., 666 A.2d 327, 328 (Pa.Super. 1995) (unjust enrichment is "essentially an equitable doctrine."); RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT § 4(1) ("Liabilities and remedies within the law of restitution and unjust enrichment may have originated in law, in equity, or in a combination of the two."). Debtor doesn't say, and he shoulders the burden of persuasion on this Motion, which is waiver. "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work." New York Rehab. Care Mgmt. v. NLRB, 506 F.3d 1070, 1076 (D.C. Cir. 2007) (quotation omitted).

In the Civil Complaint, Jordan seeks restitutionary damages, the appointment of a receiver, and declaratory relief for veil-piercing. [ECF No. 6, Wherefore Clauses at 6, 8]. These are equitable remedies. See, e.g., EEOC v. Detroit Edison Co., 515 F.3d 301, 308 (6th Cir. 1975) (an award of

restitutionary damages "is an equitable remedy" without a jury trial). As shown in the Complaint, and as expressly found by Judge Timothy Rowley in a prior action in Common Pleas, Debtor misappropriated Jordan's share of the profits of National Brokers of America, Inc. (NBOA), and then formed another company using the same—Bene Market, LLC, continuing the same business as NBOA. Debtor then shut down NBOA as a result. Having thus created an income-producing asset as a result of fraud, embezzlement, or larceny, while acting in a fiduciary capacity, Debtor is liable to Jordan for restitution measured as all consequential gains from the misappropriation. RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT §§ 41, 43.

On balance, Debtor has failed to show how the equitable factors for abstention predominate. Significantly, Debtor offers no factually detailed showing of prejudice. One would think Debtor has *benefitted* from the removal because he is now represented by the firm of Ciardi Ciardi & Astin, which ably comes to his defense in this Removed Action as well as the Involuntary Chapter 11 case and can coordinate strategy and streamline discovery in both.

### III.   Bene Market, LLC's Objections Also Fail.

Represented by Norman M. Valz, Esquire, Bene Market LLC filed, at Case No. 24-13093, ECF No. 154, an objection to the removal, but did not file anything on the instant docket. Bene Market offered no factual grounds or legally developed argument why removal was improper, which is waiver. United States v. Hird, 913 F.3d 332, 355 n.33 (3d Cir. 2019) (without "a factual basis for such a challenge, we regard the issue to be waived."); Griswold v. Coventry First, LLC, 762 F.3d 264, 272 n.6 (3d Cir. 2014) ("undeveloped argument is insufficient"); Eulo v. Deval Aerodynamics, Inc., 430 F.2d 325, 326 n.5 (3d Cir. 1970) (waiver where nothing "more than a cursory argument" is offered); Wilson v. Cameron, 2015 U.S. Dist. LEXIS 119637, at *10 (E.D. Pa. Sept. 9, 2015) (party's objection was "non-responsive").

**CONCLUSION**

Based on the foregoing, the Motion of the Debtor at ECF No. 60 should be denied, and the

objections by Bene Market, LLC, at Case No. 24-13093, ECF No. 154, should be overruled.

Respectfully submitted,

**CORNERSTONE LAW FIRM, LLC**

Dated: January 8, 2025          By:     /s/ Joel A. Ready
                                        Joel A. Ready, Esquire
                                        PA Attorney I.D. # 321966
                                        Benjamin J. Lewis, Esquire
                                        PA Attorney I.D. # 313733
                                        8500 Allentown Pike, Suite 3
                                        Blandon, PA 19510
                                        (610) 926-7875